### PICKETT *et al.* v. HAWES *et al.*

1. Practice: BILL OF EXCEPTIONS: EVIDENCE AND FACTS. When the bill of exceptions embodying the evidence taken on the trial of an equitable issue recites that certain facts were *proved*, without setting out the evidence by which they were established, the Supreme Court will not refuse a trial *de novo* on the ground that such evidence is not embraced in the record; but when the record does not show all the facts proved, and it appears affirmatively that evidence submitted to the court below is not set out in the transcript the decree will not be reviewed as upon a trial *de novo*.

*Appeal from Chickasaw District Court.*

THURSDAY, JUNE 7.

FRAUDULENT CONVEYANCE : PRACTICE IN SUPREME COURT, &c. — William Pickett (of whom the plaintiffs are the heirs and representatives) obtained in his lifetime a judgment against the defendant, *John D.* Hawes, sold thereon certain land claimed to belong to the said John D., and received a sheriff's deed for the same.   Prior to this judgment, but after the creation of the debt to Pickett, John D. conveyed the land in question to his co-defendant and father, *David P.* Hawes.   It is also alleged, in the petition, that the defendant, Graham, held a certain tract in trust for John D.   This is conceded in the answer, but

this tract is also claimed by the father. The petition asks that the conveyance from John D. to said David P. Hawes be declared fraudulent, &c.

The answer of David P. admits the conveyance from John P. to him, but denies that it was fraudulent, and asserts that it was made in good faith and for value.

That by the first method in equity, and decree for the plaintiffs, defendants appeal.

*Wm. McClintock* (with whom *A. G. Case* and *L. L. Ainsworth*) for the appellants.

*J. O. Crosby* for the appellee.

DILLON, J. — The appellants ask a trial *de novo*. This appellee resists because, as he claims, the whole evidence 1. PRAC-   is not before this court. The evidence was
TICE: bill of
exceptions:   sought to be embodied in a bill of exceptions.
evidence:
   facts.   This sets out as follows: "Plaintiff *proved* by sheriff's deed that the land claimed in the petition had been deeded to him by the sheriff in pursuance of a sale made under an execution issued upon a judgment against John D. Hawes" (describing parties, date and amount of judgment). "And also *proved*, by abstract of title that the land described in the petition and sheriff's deed had been conveyed to D. P. Hawes by John D. Hawes, as claimed in the petition." There was no objection, so far as the record shows, to the use of the abstract as evidence, and it was probably used by consent or without resistance.

That the lands had been thus conveyed by John D. to D. P. Hawes was admitted by the pleadings.

The appellee claims that inasmuch as the sheriff's deed and abstract of title are not copied into the record, therefore all of the evidence is not before this court. This objection cannot prevail. This was in the nature of formal

proof, and the parties on the trial doubtless agreed, or did not object that the sheriff's deed and abstract *proved* what the bill of exceptions recites; and the *effect* of this evidence was stated in this way to save the needless cumbering of the record on appeal. The practice is commendable, and has our emphatic sanction.

But the appellee's objection that the bill of exceptions does not contain all of the evidence, inasmuch as it omits a letter introduced in evidence by the plaintiff, from John D. to William Pickett, is well founded. A space was left for the letter, but it was not copied into the bill of exceptions, and does not anywhere appear in the record.

It is incumbent on the appellant to see that he has *all* of the evidence in the record, if he wishes a trial *de novo* in an equity cause tried by the first method.

It affirmatively appearing that some of the evidence is not before us, we cannot reverse the decree below. We feel the less regret at this disposition of the case because, on the assumption that the omitted evidence was immaterial, or that, as against the father, it was *res inter alios*, the decree of the learned judge below was, in our judgment, correct.

The letter from the son to the father (a copy of which was read in evidence on the trial), with the testimony of Mr. and Mrs. Weller respecting it, and the admissions and acts of the father upon receiving it, establishes beyond dispute the fraudulent character of the conveyance in question. It is a significant fact that the father and his sons, though examined as witnesses, nowhere contradict the evidence of Mr. and Mrs. Weller in this regard.

The appellee's objection that no notice to produce the original of this letter in *that suit* was ever given to the father, is not sustained by the record. The objection is, that " there was a *law* case pending in the same court at the same time in which said notice was intended to be

used." Our answer is, that the record in this case does not show that there was any such *law* action then and there pending, and we cannot judicially know or notice the fact even if there was such an action.

The objection *speaks* outside of the record, and is, therefore, not available.

Affirmed.