NATHANIEL CARTER v. THE COHARIE LUMBER COMPANY.

(Filed 16 October, 1912.)

1. Railroads—Logging Roads—Liens—Independent Contractor—Interpretation of Statutes.

A logging road operated by the use of steam is a railroad within the meaning of section 2018, and by following the requirements of that section a lien may be obtained for work done in its construction, though under an independent contractor.

2. Same—Intent—Prospective Effect.

Legislative enactments, in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects, and business within their general scope coming into existence subsequent to their passage. Hence, Revisal, sec. 2018, first enacted in 1872, applies to logging roads operated by steam, though they may not have been in existence at the time it was first passed, in 1872.

WALKER and ALLEN, JJ., dissenting.

APPEAL by plaintiff from *Carter, J.,* at August Term, 1912, of SAMPSON.

Appeal from justice of the peace. The plaintiff sued to recover of defendant $83.50 for work done in constructing railroad for defendant. The plaintiff bases his right to recover under section 2018 of the Revisal of 1905.

It is admitted that the notice required by the act was properly given and served, and that the action was commenced in apt time. A motion to nonsuit was allowed, and the plaintiff appealed.

*Faison & Wright for plaintiff.*
*H. A. Grady and George E. Butler for defendant.*

BROWN, J. The defendant owned and operated a lumber mill and also a standard-gauge railroad in connection therewith to Parkersburg on the Atlantic Coast Line, a distance of three miles. This road was connected with branch railroads extending in the woods.

The same engine and cars were used over the main stem and its branches. Sometimes a branch is taken up and relaid elsewhere.

The defendant entered into a written contract with one Buhman on 24 February, 1911, by which Buhman was to operate its railroad and lumber business. The plaintiff was foreman of the railroad construction crew, kept the time, and worked in constructing the branch railroads, laying down cross-ties, spiking rails, and doing other construction work. The defendant claims that Buhman was an independent contractor, and solely liable to the plaintiff, and that section 2018 has no application to defendant. His Honor so ruled, and the plaintiff excepted.

The plaintiff testified that he was building the railroad for the defendant under a contractor. Assuming that Buhman was an independent contractor, if defendant's railroad comes within the meaning and spirit of section 2018, the defendant is liable, as it appears that the requirements of the statute have been strictly followed.

The defendant's plant constitutes what is called a "logging railroad." . It is standard-gauged, steel-railed, connected by switch with the Coast Line, operated by steam engines and standard-gauge cars, and has branches extending for convenience into the woods, over which the same engines and cars are used.

The description of this road brings it within the definitions of a railroad as given by Rapalje and Bouvier, in their law dictionaries. The language of this statute, defining a railroad, is the same as in the fellow-servant act, Revisal, 2646.

In construing that act and its similar phraseology, we held that logging roads are railroads within the meaning of the act, and that the term "railroad" embraced any road operated by steam or electricity on rails. *Hemphill v. Lumber Co.,* 141 N. C., 489; *Witsell v. R. R.,* 120 N. C., 557; *Schus v. Powers Co.,* 85 Minn., 447.

We have also held that the law as applied to other railroads in respect to negligently causing fires on their rights of way shall be extended to railroads constructed solely for logging purposes. *Craft v. Timber Co.,* 132 N. C., 156; *Simpson v. Lumber Co.,* 133 N. C., 96. .

We apply to both classes of railroads the same rule in regard to defective spark arresters. *Cheek v. Lumber Co.,* 133 N. C., 96.

For these reasons we see no reason why this defendant should not be classified as a railroad within the meaning of section 2018.

It is contended, however, that this section was first enacted in 1872, and that there were no logging roads in existence then, and that therefore they could not have been in contemplation of the Legislature.

We are not informed as to that, but we assume the correctness of the statement.

The mere fact that "logging railroads" came into more general use since the passage of the act does not alter the case. They are nevertheless "railroads," although used principally for transporting logs.

It is a general rule of statutory construction that legislative enactments, in general and comprehensive terms, prospective in operation, apply alike to all persons, subjects, and business within their general scope coming into existence subsequent to their passage. *McAunich v. M. and M. Ry.,* 20 Iowa, 337; *Schus v. Powers Co., supra.*

New trial.

WALKER, J., and ALLEN, J., dissenting.