## AMERICAN CAR AND FOUNDRY COMPANY *v.* INZER, ADMINISTRATRIX.

[No. 21,428.    Filed March 17, 1909.]

1. CONSTITUTIONAL LAW.—*Employers' Liability Act.—Private Corporations.*—The employers' liability act (Acts 1893, p. 294, §§1, 3-5, §§8017-8020 Burns 1908) is valid as to railroads and invalid as to private corporations.  p. 57.

2. PLEADING.— *Complaint.— Car Manufacturing Company.— Railroads.—Employers' Liability Act.*—A complaint showing that plaintiff's decedent, a tinner, was killed in the employ of the defendant, a company engaged in the manufacture of cars, is bad, where it is founded upon the employers' liability act (Acts 1893, p. 294, §§1, 3-5, §§8017-8020 Burns 1908), though such company had railroad tracks in its yard, which were connected with those of a railroad company, and moved its cars on its tracks by means of a locomotive engine.  p. 58.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Mary Inzer, as administratrix of the estate of John A. Inzer, deceased, against the American Car and Foundry Company. From a judgment on a verdict for plaintiff for $2,500, defendant appeals. Transferred from Appellate Court under §1394 Burns 1908, cl. 2, Acts 1901, p. 565, §10. *Reversed.*

*M. Z. Stannard, Ward H. Watson* and *Jonas G. Howard, Jr.,* for appellant.

*George H. Voigt,* for appellee.

MONKS, J.—Appellee recovered on March 16, 1906, a judgment for the death of her intestate, John A. Inzer, under section one of the employers' liability act (Acts 1893, p. 294, §8017 Burns 1908), which reads as follows: "That every railroad or other corporation, except municipal, operating in this State, shall be liable for damages for personal injury suffered by any employe while in its service, the employe so injured being in the exercise of due care and diligence, in the following cases: * * * Fourth, Where such injury was caused by the negligence of any person in

American Car, etc., Co. v. Inzer—172 Ind. 56.

the service of such corporation who has charge of any signal, telegraph office, switch-yard, shop, roundhouse, locomotive engine or train upon a railway.''

A demurrer for want of facts to the amended complaint was overruled. Verdict and, over a motion for a new trial, judgment in favor of the appellee.

The ruling of the court on said demurrer is assigned as error.

It appears from each paragraph of the amended complaint that appellant was a corporation engaged in the manufacture of cars at its plant in Clark county, and then and there maintained a building where cars were constructed. ''In said building there was a railroad track which was laid lengthwise in said building, and which extended through the same and outside and through the yard of said defendant, upon which said plant was then and there located, and connected with the track of the Baltimore and Ohio Southwestern Railroad Company.'' Said Inzer was in the employ of appellant as a tinner, and by his contract required to work on the roof of the cars being constructed by appellant.

In *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 14 L. R. A. (N. S.) 418, this court held that the employers' liability act (§§8017-8020 Burns 1908, Acts 1893, p. 294, §§1, 3-5) while constitutional as to railroads was unconstitutional as to private corporations.

This was upon the ground that the act imposed burdens upon private corporations not placed upon individuals or partnerships engaged in a similar business under like circumstances and conditions; that said classification had no reasonable basis, because made to depend upon the character of the employer, and not upon the character of the employment.

In *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, this court, following the cases therein cited, held that said act put railroads in a class by themselves, and that said classification was proper on account of the dangerous and

hazardous character of the business of operating railroads; that such classification was not based upon the difference in employers, but upon the difference in the nature of the employment, and that the same was constitutional as to railroads. It was also held in said case that said act regulates the liability of railroads, regardless of whether they are operated by persons, companies, or corporations; in other words, it includes any person, company, or corporation engaged in operating a railroad in this State. See, also, *Indianapolis Traction, etc., Co.* v. *Kinney* (1909), 171 Ind. 612, and cases cited.

There are no facts alleged in either paragraph of the amended complaint showing that appellant was engaged in the operation of a railroad at the time the deceased 2. received the injuries which caused his death. The fact that there were tracks in appellant's yard and buildings, on which the cars were constructed and moved by a locomotive engine from place to place thereon for convenience or other purpose in the construction and storage of said cars, and that the same connected with the tracks of a railroad company, did not make the same a railroad or railway; nor was such use thereof by appellant the operation of a railroad within the meaning of said liability act.

In the cases cited by appellee to sustain her contention as to the sufficiency of the amended complaint, the defendants were engaged in operating railroads for the transportation of freight in the conduct of their private business. Whether such cases are applicable to the law in controversy here we need not decide, for the reason that no such state of facts is shown by the amended complaint.

It is proper to say that this case was tried and final judgment rendered by the court below before *Bedford Quarries Co.* v. *Bough, supra,* and *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra,* were decided by this court.

Judgment reversed, with instructions to sustain the demurrer to the amended complaint.