## NICK PAPKOVICH v. OLIVER IRON MINING COMPANY.[1]

December 17, 1909.

Nos. 16,335—(137).

**Verdict Sustained by Evidence.**

> In an action to recover for personal injuries alleged to have been the result of the negligence of defendant, the evidence is *held* sufficient to justify a verdict for plaintiff.

[1]Reported in 123 N. W. 824.

**Railway Within Fellow-Servant Statute.**
> Kline v. Minnesota Iron Co., 93 Minn. 63, applying the fellow-servant statute to the railroad involved in that case, followed and applied.

Action in the district court for St. Louis county to recover $15,300 for personal injuries sustained while in the employ of defendant company. The case was tried before Dibell, J., and a jury which rendered a verdict in favor of plaintiff for $750. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Baldwin, Baldwin & Dancer,* for appellant.

*J. De La Motte,* for respondent.

BROWN, J.

The only question presented in this case is whether the evidence is sufficient to justify a recovery by plaintiff. It is contended by defendant: (1) That the evidence is conclusive that plaintiff assumed the risks of his employment in which he was engaged at the time he received the injuries complained of; (2) that defendant was not engaged in operating a railroad, within the meaning of the fellow-servant statute, and that, as the negligence relied upon for recovery was that of a fellow servant, plaintiff cannot recover; and (3) that there is not sufficient evidence of negligence.

Defendant was engaged in operating a railroad similar to the one involved in the case of Kline v. Minnesota Iron Co., 93 Minn. 63, 100 N. W. 681, to which we held the fellow-servant statute applicable. As operated on the occasion of plaintiff's injury, a train of some twenty cars was taken from the mine, which defendant was engaged in stripping, and backed to grounds prepared and used for dumping the material taken from the mine. When it reached the dumping grounds, the engineer in charge thereof brought the train to a stop, and employees, one of whom was plaintiff, prepared the cars ready for unloading by unlocking certain fastenings which held them in an upright position. The engineer then, upon signal of a foreman in charge of the work, proceeded slowly with the train, and each servant engaged in the particular service would place a large iron bar

upon the end of a cross-tie and the other end thereof against the corner of an approaching car, with the result that the forward movement of the train would tip the body or bed of the car to one side, permitting the earth and material therein to slide out upon the ground. Each employee, in doing this work, had charge of five cars, and, as he would succeed in raising the box of one, he would hurriedly proceed to the next approaching car, perform the same act, and so on until the five cars committed to his charge were unloaded. When all were thus unloaded, the engineer would proceed with the empty cars back to the mine.

The claim of negligence relied upon by plaintiff is that at the time of his injury a train of loaded cars had been backed into the dumping grounds, and he, with other employees, was engaged in the work of unloading them in the manner stated; that he successfully unloaded all those assigned to him, except the last one, and that, as this car approached, the engineer had started on the return trip to the mine, and was running the train much faster than usual, and too fast to permit of a successful adjustment of the rod used to tip the body of the car; and that by reason of that fact his hand was caught between the rod and the end of the car, and severely injured. He also claimed that the hurried manner in which he was required to perform his work did not afford him an opportunity to judge of the speed of the train, and that he relied upon the usual and ordinary speed in doing this work.

The only question of negligence submitted to the jury by the trial court was whether the train was being run negligently; that is, too fast to permit of a successful performance of this work, and so fast as to render the same more dangerous, and, if so, whether that fact was the proximate cause of plaintiff's injury. Our examination of the record sustains the right of plaintiff to go to the jury upon this question. There was sufficient competent evidence presented to justify the jury in finding that the train had attained a greater speed than usual, and was going so fast as to render this particular work unusually dangerous, and that plaintiff, in the hurried manner in which he was required to perform his duty, was not aware of the fact. It appears that a foreman had charge of this work, and by proper sig-

nals controlled the movements of the train, and that the signal given by him to proceed to the mine was premature, and before plaintiff had succeeded in unloading all the cars assigned to him. While this fact was not submitted to the jury as a substantive ground of negligence, it was proper for their consideration, if true, in corroboration of plaintiff's contention that the movement of the train was unusually fast at this time. The evidence, therefore, sustains the verdict as to defendant's negligence.

That conclusion would seem to dispose of defendant's contention that plaintiff assumed all the risks incident to the employment. An employee assumes only such risks and hazards as are usual and ordinarily incident to his employment, and not those which are unusual, or which could not have been discovered by the exercise of reasonable care. The fact that this accident was occasioned by the unusual speed of the train, a fact unknown to plaintiff, according to the evidence and verdict of the jury, relieved the case from the doctrine of assumption of risk. The point that this was not a railroad hazard was disposed of by the Kline case, supra. Plaintiff was performing work incident to the operation of the train upon which he was engaged, and he comes within the protection of the statute.

Judgment affirmed.