## AMERICAN CAR AND FOUNDRY COMPANY *v.* INZER, ADMINISTRATRIX.

[No. 7,976.   Filed April 23, 1913.]

1.  MASTER AND SERVANT.—*Injury to Servants.—Liability.—Stat-
    utes.—Operation of Railroad.*—A company engaged in the manu-
    facture of cars, which in one department of its business operates
    locomotives, cars, or trains of cars upon a railroad track, so that
    the dangers incident are substantially the same as the hazards
    of operating trains on a commercial railroad, is liable for an
    injury to its servant employed in such department, within the
    provisions of the fourth clause of §8017 Burns 1908, Acts 1893 p.
    294, making railroad companies liable for injuries resulting to
    employes in their service through the negligence of any person in
    charge of any signal, telegraph office, switchyard, shop, round-
    house, locomotive engine or train, etc., since the classification
    contemplated by the statute is with reference to the character of
    the employment and it is immaterial whether the employer is an
    individual, firm, or a public or private corporation. pp. 319, 321.
2.  MASTER AND SERVANT.—*Injury to Servant.—Liability.—Statutes.*
    —Section 8017 Burns 1908, Acts 1893 p. 294, creating a liability
    for injuries to railroad employes by the negligence of any person
    in charge of any locomotive engine, train, etc., in its application
    to a manufacturing company, which in one department of its
    business operates locomotives and cars on railroad tracks, is to
    be restricted to that department which has to do with the opera-

tion of trains and which exposes employes to the dangers incident to such operation.   p. 321.

3.   MASTER AND SERVANT.—*Injury to Servant.—Complaint.*—A complaint to recover for the death of an employe, alleging that defendant is a corporation engaged in manufacturing cars, that its plant is upon a large tract of land and consists of yards, buildings and other structures, about which defendant maintained railroad tracks of standard gauge over which it operated locomotive engines and cars and trains of cars in the transportation of lumber, iron, coal and other freight and in hauling cars constructed and in course of construction, and that said tracks connected with the tracks of a railroad company, sufficiently shows that §8017 Burns 1908, Acts 1893 p. 294, creating a liability against railroads for injuries to employes through the negligence of any employe in charge of a locomotive engine, train, etc., applies to that department of defendant's business in which the employes are exposed to the dangers incident to the operation of trains. p. 321.

4.   APPEAL.—*Law of the Case.*—The prior decision of a cause on appeal becomes the law of the case on a subsequent appeal only in so far as it is applicable to the facts presented on such subsequent appeal.   p. 323.

5.   MASTER AND SERVANT.—*Injury to Servant.—Liability.—Statutes. —Complaint.*—A complaint for the death of a servant employed by a manufacturing corporation, which in one department of its business operated locomotive engines, cars and trains of cars upon a railroad track, alleging that decedent's death was caused by the negligence of another employe in the operation of a locomotive, sufficiently shows a liability under §8017 Burns 1908, Acts 1893 p. 294, creating a liability for injuries caused by the negligence of any person in charge of a locomotive engine, train, etc., without alleging that decedent was employed to assist in the operation of trains and that he was so engaged at the time of the injury.   p. 324.

6.   MASTER AND SERVANT.—*Injury to Servant.—Liability.—Last Clear Chance.*—Where an employe was engaged in tinning the roof of a car coupled to other cars, and through his own negligence fell from the car onto the track when a locomotive was coupled thereto, and while lying helpless upon the track was killed by the negligence of those in charge of the train in backing the engine over him, the company was liable for his death under the doctrine of last clear chance.   p. 324.

7.   MASTER AND SERVANT.—*Injury to Servant.—Last Clear Chance. —Statutes.*—The last clear chance doctrine is applicable to the case of an employe thrown from a car through his own negligence and killed by the negligence of those in charge of the train in

backing it over him, notwithstanding §8017 Burns 1908, Acts 1893 p. 294, creating a liability against railroad companies for injuries to employes through the negligence of any other employes in charge of any locomotive engine, train, etc., provides that the injured employe must have been in the exercise of due care and diligence, since such provision is but a restatement of the common-law rule that contributory negligence will preclude recovery, and the doctrine of last clear chance, while not an exception to such rule, is based upon the theory that the plaintiff's negligence does not contribute directly to the injury, but that such injury was proximately caused by the intervening negligence of defendant. p. 324.

From Clark Circuit Court; *William C. Utz*, Special Judge.

Action by Jennie Inzer, administratrix of the estate of John Inzer, deceased, against the American Car and Foundry Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*M. Z. Stannard*, for appellant.
*George H. Voigt*, for appellee.

LAIRY, J.—This action was commenced in the Clark Circuit Court to recover damages from appellant for causing the death of John Inzer. This is the second appeal. On the first appeal the complaint was held insufficient and the judgment was reversed by the Supreme Court for that reason. *American Car, etc., Co. v. Inzer* (1909), 172 Ind. 56, 87 N. E. 722. An amended complaint was afterwards filed and a second trial resulted in a judgment for plaintiff and this appeal was taken. The amended complaint upon which the judgment appealed from was rendered is based on the Employer's Liability Act, §8017 Burns 1908, Acts 1893 p. 294. As shown by the allegations of this complaint the defendant was a corporation engaged in the manufacture of cars at the city of Jeffersonville. The deceased was at the time of his death employed by the defendant and was engaged in tinning the roof of a car standing in one of the buildings connected with the plant, and for the purpose of doing the work he occupied a position on top of the car. The

car upon which he was working was coupled to five other cars and while he was so engaged a locomotive engine, owned and operated by defendant, was coupled to the north one of these cars for the purpose of moving the six cars out of the building into the yard. Decedent was on the top of the fourth car from the engine and as this car passed through the door his body came in contact with the timbers at the top of the door and he was thrown to the track between the fourth and fifth cars. He was dragged under the front trucks of the fifth car a distance of fifty or sixty feet to a point where the car stopped outside the building in the yards of the defendant. After the car had stopped Inzer was lying across the rail immediately back of the front truck of this car. One of his legs was broken and he was in a helpless condition on account of his injuries. . The complaint, in substance, alleges that while Inzer was so lying upon said track, one William Dolan, who was in the employ of defendant and who had charge of the train and who was authorized and required by defendant to direct its movements, negligently gave an order to the engineer to back the train; and that the engineer in obedience to the order so given backed the train causing the wheel to pass over the body of Inzer thus causing his death. It is alleged that Dolan before giving the order to back the train, was informed and knew that Inzer was under the train, and that, by the exercise of ordinary care, he could have known that he was in such a position that the backing of the train would cause his death.

If the Employer's Liability Act applies to the business in which appellant was engaged, it was responsible for the negligence of Dolan under clause four of that act; 1. but, if the act does not apply, Dolan was a fellow servant with Inzer and the master would not be responsible for any injury caused by his negligence. Appellant asserts that the act in question does not apply to it, for the reason that it is a private corporation and not a railroad

corporation engaged in operating a commercial railroad. The case of *Bedford Quarries Co. v. Bough* (1907), 168 Ind. 671, 80 N. E. 529, 14 L. R. A. (N. S.) 418, is cited to sustain this position. The decision in this case, when construed in the light of later decisions of the Supreme Court upon the same question, does not support appellant's contention. In this case it was said, "One rule of liability can not be established for railway companies, merely as such, and another rule for other employers, under like circumstances and conditions." The law was upheld as constitutional in so far as it relates to the business of railroading upon the ground that it does not classify employers of labor, but that it does classify the business in which laborers are employed and places the business of railroading in a class to itself and makes the law applicable thereto. The classification is justified upon the ground that the well-known hazards incident to the operation of trains on railroads afford a sufficient reason inherent in the subject-matter to justify the classification. If the distinction thus made is to be maintained, we should not look to the character of the employers for the purpose of determining whether or not the law should apply, but we must look to the nature of the business in which they are engaged. If the business is the operation of cars and trains on a railroad under such circumstances as to expose employes to the dangers and hazards incident to the operation of a train, then the law should be held to apply to such business, whether it be conducted by an individual, a firm, a private corporation, or a public corporation. The Supreme Court in a recent case said: "If the character of the employer, within the meaning of the statute, is not important, and the nature of the employment is the test to be applied in construing the statute, the expression 'every railroad or other corporation operating within the State,' as applied to railroads, should, under the rule above stated, be enlarged and expanded so as to include any person, company, or corporation engaged in operating

a railroad in this State." *Pittsburgh, etc., R. Co.* v. *Light-heiser* (1907), 168 Ind. 438, 465, 78 N. E. 1033.

As construed by the Supreme Court the statute under consideration classifies the business in which employers of labor are engaged and places the business of railroad-

2. ing in a class by itself, and its application is further restricted to that department of the business which has to do with the operation of trains and which exposes employes to the dangers incident to such operation. *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 96 N. E. 694.

Under the law announced in these decisions we must look to the character of the business in which the employer was engaged for the purpose of determining whether such

1. employer was operating cars and trains of cars upon a railroad under such conditions as expose employes or some of them to the hazards incident to the operation of trains. It is not necessary that the business should be the operation of a commercial railroad or that operating a railroad was the only business of the employer, or that it was even his principal business. If in one department of its business, appellee operated locomotives, cars, and trains of cars upon a railroad track, and if the dangers incident to such operation were substantially the same as are incident to the operation of trains on a commercial railroad, we can think of no good reason why the Employer's Liability Act should not apply to that department of its business. The allegations of the complaint with reference to the

3. character of the business in which appellee was engaged are as follows: "That at all times herein-after mentioned, defendant was and is now a corporation engaged in the manufacture of cars at its plant located in the city of Jeffersonville and town of Clarksville, in said county and State. That said plant was then and there located on a large tract of land and consisted of many buildings and other structures and

parts of said tract were then and there used as yards. That defendant then and there maintained railroad tracks of standard gage, such as are used by steam railroads, upon said tract of land and in and through some of said buildings, and then and there ran and operated locomotive engines and cars and trains of cars on and over said tracks, and then and there ran and operated said engines, trains and cars over said railroad tracks in the transportation of lumber, iron, coal and other freight and in hauling of cars constructed and in the course of construction at said plant; and defendant then and there daily and continuously maintained and operated a railroad on said tract of land for all purposes above specified. That said railroad tracks then and there connected with the tracks of the Baltimore and Ohio Southwestern Railroad operated through the state of Indiana.'' By an application of the principles before stated we have reached the conclusion that the facts thus stated show that the statute under consideration applies to that department of appellant's business in which its employes are exposed to the dangers incident to the operation of trains.

The Supreme Court on the first appeal did not pass upon the question here presented. The portion of the complaint upon which the decision is based is set out in the opinion and is as follows: ''In said building there was a railroad track which was laid lengthwise in said building, and which extended through the same and outside and through the yard of said defendant, upon which said plant was then and there located, and connected with the Baltimore and Ohio Southwestern Railroad Company.'' *American Car, etc., Co.* v. *Inzer, supra.* The part of the complaint quoted does not show that appellant as a part of its business operated cars coupled together in trains and propelled by locomotives in such a way as to expose its employes to the dangers incident to the operation of trains. While we recognize that the decision referred to is the law of the case

so far as applicable, we think that the facts presented by the amended complaint differ so materially from the facts stated in the complaint which was held insufficient on the former appeal as to make the decision on the former complaint inapplicable to the complaint before us. The conclusion reached necessarily results from an application of the principles announced and applied by the Supreme Court, and it is also amply supported by decisions from other states. *Mace* v. *Boedker & Co.* (1905), 127 Iowa 721, 104 N. W. 475; *Kline* v. *Minnesota Iron Co.* (1904), 93 Minn. 63, 100 N. W. 681; *Roe* v. *Winston* (1902), 86 Minn. 77, 90 N. W. 122; *Bird* v. *U. S. Leather Co.* (1906), 143 N. C. 283, 55 S. E. 727; *Coughlan* v. *Cambridge* (1896), 166 Mass. 268, 44 N. E. 218; *Alabama Steel, etc., Co.* v. *Griffin* (1907), 149 Ala. 423, 42 South. 1034; *McCord* v. *Cammell* (1895), 1896 App. Cas. 57; *Doughty* v. *Firbank* (1883), 10 Q. B. Div. 358; *Cunningham* v. *Neal* (1908), 101 Tex. 338, 107 S. W. 593, 15 L. R. A. (N. S.) 479; *Hairstone* v. *United States Leather Co.* (1906), 143 N. C. 512, 55 S. E. 847, 10 Ann. Cas. 698; *Hemphill* v. *Buck Creek Lumber Co.* (1906), 141 N. C. 487, 54 S. E. 420; *Papkovich* v. *Oliver Iron Mining Co.* (1909), 109 Minn. 294, 123 N. W. 824; *Woodward Iron Co.* v. *Sheehan* (1910), 166 Ala. 429, 52 South. 24; *Keystone Mills Co.* v. *Chambers* (1909), 118 S. W. (Tex. Civ. App.) 178; *McKnight* v. *Iowa, etc., Constr. Co.* (1876), 43 Iowa 406; *Schus* v. *Powers-Simpson Co.* (1902), 85 Minn. 447, 89 N. W. 68, 69 L. R. A. 887; *Kibbe* v. *Stevenson Iron, etc., Co.* (1905), 136 Fed. 147, 69 C. C. A. 145; *Bissell* v. *Greenleaf-Johnson Lumber Co.* (1910), 152 N. C. 123, 67 S. E. 259; *Glines* v. *Oliver Iron Mining Co.* (1909), 108 Minn. 278, 122 N. W. 161; *Robertson* v. *Greenleaf-Johnson Lumber Co.* (1911), 154 N. C. 328, 70 S. E. 630; *Hines* v. *Stanley, etc., Mfg. Co.* (1908), 199 Mass. 522, 85 N. E. 851.

The allegations of the complaint sufficiently show that the employment of Inzer was of such a character as to ex-

pose him to the hazards incident to the operation of trains and that the injury which caused his death resulted from such a hazard. It is sufficient in this respect. It is not necessary to allege that he was employed to assist in the operation of trains and that he was so engaged at the time he received his injury. *Richey* v. *Cleveland, etc., R. Co., supra.*

Appellant contends that the doctrine of last clear chance does not apply to the facts as disclosed by the pleadings and proof in this case. With this contention we cannot agree. The negligence relied on was the giving of the signal to back the train at a time when Inzer was lying in a helpless condition just back of the front truck of the fifth car. It may be conceded that his perilous situation on the track was the result of his contributory negligence, but it is apparent that he was in a situation where the utmost diligence on his part was unavailing to prevent the injury. At that time his negligence ceased and if the appellant after that had an opportunity to avoid injuring him and negligently failed to avail itself of such opportunity, it would be liable under the doctrine of last clear chance. The doctrine has been recently discussed by this court and we do not feel called upon to further enlarge upon the subject. *Indianapolis Traction, etc., Co.* v. *Croly* (1913), 54 Ind. App. —, 96 N. E. 973; *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 718, 97 N. E. 949. It is argued that the doctrine does not apply to a case where the injury results from a breach of duty imposed by the Employer's Liability Act for the reason that such act provides that the injured employe at the time must have been in the exercise of due care and diligence. This is but a statutory announcement of the common-law rule that the contributory negligence of a servant will preclude him from recovering on account of the master's negligence. *Pittsburgh, etc., R. Co.* v. *Lightheiser, supra.* This rule applies to all cases regardless of

whether the negligence of the master arises from the breach of a common-law duty or whether it arises from the breach of a duty imposed by statute. The doctrine of last clear chance is not recognized as an exception to this rule, but its application to certain classes of cases is sustained upon the theory that in such cases the negligence of the plaintiff does not contribute directly to the injury, but is only a remote cause or condition which makes the injury possible. In such cases the subsequent intervening negligence of the defendant is regarded as the proximate cause. *Indianapolis Traction, etc., Co.* v. *Croly, supra; Evansville, etc., Traction Co.* v. *Spiegel, supra.* We see no reason why the doctrine of last clear chance should not be held to apply in cases such as this.

Our discussion of the questions already considered covers the questions presented by the motion for judgment on the interrogatories to the jury and by the motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 676. See, also. under (1) 26 Cyc. 1079; (3) 26 Cyc. 1392; (4) 3 Cyc. 399; (5) 26 Cyc. 1395; (6) 29 Cyc. 530. As to contributory negligence in the case of a railroad employe occupying a dangerous position, see 33 Am. St. 765. For a discussion of the kind of railroad intended by a constitutional or statutory provision abrogating the fellow servant doctrine as to railroad employes, see 8 Ann. Cas. 1086.