# The New York, Chicago and St. Louis Railroad Company *v.* Ault.

[No. 7,981. Filed October 31, 1913. Rehearing denied January 29, 1914. Transfer denied May 20, 1914.]

1. Railroads.—*Duty to Trespassers.*—As a general rule a railroad company owes no duty to a trespasser on its tracks, except to refrain from inflicting on him a wilful injury. p. 295.

2. Railroads.—*Trespassers.—Negligence.*—The fact that a person at the time of receiving an injury is a trespasser on the tracks of a railway company shows him to be guilty of negligence *per se* in so far as his relations with the railroad company are concerned, and if such negligence directly and proximately contributes to his injury he can not recover. p. 295.

3. Railroads.—*Duty to Trespassers.*—While as a general rule a railroad company owes no duty to a trespasser on its tracks, conditions do arise making it the duty of the company to use care in favor of such persons. p. 296.

4. Railroads.—*Injury to Trespassers.— Complaint. — Last Clear Chance.*—On the facts disclosed by a complaint alleging that plaintiff, who was a trespasser on defendant's road, was struck by a car on the south track and thrown upon the north track and there run upon by defendant's engine, that knowing the situation of plaintiff, that the engine could be lifted so as to extricate plaintiff without injury, and that the engine could not be backed off without injury to plaintiff, the defendant failed to use any precaution to extricate plaintiff and negligently backed the engine thereby injuring plaintiff, the doctrine of last clear chance is applicable, and the overruling of a demurrer thereto was not error. pp. 296, 299.

5. Negligence.—*Contributory Negligence.—Last Clear Chance.*—While the doctrine of last clear chance is usually applied where some antecedent negligence on the part of defendant is involved and the injured party has also been guilty of some fault or negligence which exposed him to the danger, after which a condition arose which afforded the defendant a last clear chance to avoid producing the injury, and of which defendant negligently failed to take advantage, the same doctrine may be applied where defendant was not guilty of antecedent negligence, if a condition arising after plaintiff's negligence afforded the defendant a last clear chance to avoid the injury. p. 297.

6. Negligence.—*Last Clear Chance.*—The duty to use the last clear chance to avoid an injury arises from the situation of the parties, and not from the existence of a prior duty toward the

person injured, and a negligent failure with respect to using a last clear chance may constitute original negligence. p. 298.

7. NEGLIGENCE.—*Last Clear Chance.—Trespassers.*—The doctrine of last clear chance is applicable to cases where the injured party was a trespasser. p. 298.

8. NEGLIGENCE. — *Injury to Trespassers. — Wilful Injury. — Last Clear Chance.*—The duty not to inflict a wilful injury upon a trespasser is distinct from the duty to use the last clear chance to avoid inflicting an injury in that the liability is for a wilful injury where the injury is intentionally inflicted upon one who has negligently exposed himself to danger, while for a merely negligent failure to use proper care to prevent injury to one thus exposed the liability is grounded upon negligence. p. 298.

9. RAILROADS.—*Injury to Trespassers.—Issues.—Answers to Interrogatories.*—Where the complaint in an action against a railroad company for injuries to a trespasser was in two paragraphs, one charging a wilful injury and the other drawn upon the theory of negligent failure to use the last clear chance to avoid inflicting the injury, answers to interrogatories showing that the injury was not intentional or wilful are not in conflict with a verdict for plaintiff. p. 299.

10. APPEAL.—*Review.—Ruling on Motion for New Trial.—Evidence.*—In an action for injuries to a trespasser the evidence, though failing to show a wilful injury, was sufficient to sustain a verdict for plaintiff where it supported a good paragraph of complaint grounded on a negligent failure to use the last clear chance, and overruling a motion for a new trial on the ground of insufficient evidence was not error. p. 299.

11. APPEAL.—*Review.—Refusal of Instructions.*—Where an action for injuries to a trespasser was based upon a complaint charging a wilful injury in one paragraph, and negligence in another, requested instructions on the theory that a recovery could be · had only on proof of facts showing a wilful injury, and so worded as to preclude a recovery on proof of negligence, were properly refused. p. 300.

12. APPEAL.— *Review.— Harmless Error.— Instructions.*— The giving of an improper instruction will not work a reversal where the jury's answers to interrogatories disclose that the error, if any, was harmless. p. 300.

From Wells Circuit Court; *Charles E. Sturgis*, Judge.

Action by Catherine Ault against The New York, Chicago and St. Louis Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Walter Olds* and *William A. Campbell*, for appellant.

*Jesse McBeth, Abram Simmons* and *Frank C. Dailey,* for appellee.

LAIRY, C. J.—Appellee recovered a judgment against appellant for personal injuries. The complaint is in two paragraphs, the first of which charges that the servants of appellant wilfully and intentionally injured appellee in the management and operation of the locomotive and cars of appellant. The second paragraph is based upon the alleged negligence of appellant's servants in the operation of such locomotive and cars.

Appellant challenges the sufficiency of the second paragraph of complaint, and this is the first question we will consider. The allegations of this paragraph disclose that appellee, at the time she received her injuries was a trespasser on the bridge and tracks of appellant. It is generally stated as a rule of law that a railroad company owes no duty to a trespasser on its tracks, 1. except to refrain from inflicting on him a wilful injury. *Palmer* v. *Chicago, etc., R. Co.* (1887), 112 Ind. 250, 14 N. E. 70; *Pittsburgh, etc., R. Co.* v. *Hall* (1910), 46 Ind. App. 219, 90 N. E. 498, 91 N. E. 743; *Freitag* v. *Chicago Junction R. Co.* (1910), 46 Ind. App. 491, 89 N. E. 501, 92 N. E. 1039; 2 Thompson, Negligence §1713. Relying on this proposition, appellant takes the position that, as the paragraph in question affirmatively shows that appellee was a trespasser when she received her injury, it is insufficient to state a cause of action on the ground of negligence, for the reason that it shows affirmatively that appellant owed no duty to appellee to use care to avoid injuring her

The fact that a person at the time of receiving an injury was trespassing on the tracks of a railway company shows him to be guilty of negligence *per se* in so far as his 2. relations with such company are concerned, and, if such negligence directly and proximately contributes to his injury he can not recover. The paragraph of com-

plaint under consideration does disclose that appellee was a trespasser and thereby shows that she was guilty of negligence *per se*. It therefore discloses a defense, and it is fatally defective for that reason unless further facts are pleaded which are sufficient to meet and overcome the defense disclosed. If the other facts pleaded are sufficient to show that the negligence of appellee in being upon the tracks was not a direct and proximate cause of her injury, but that it was only a remote cause giving rise to a condition in view of which appellant was called upon to act, it may still be held to state a cause of action under the doctrine of last clear chance. Even though it be conceded that under ordinary conditions a railroad company does not owe a duty to trespassers on its tracks, still, conditions may, and often do arise which create a duty on the part of the railroad company to use care in favor of such persons.

The conditions as disclosed by the paragraph of complaint under consideration are, that plaintiff was attempting to cross defendant's trestle in the nighttime on a planked space between the north and south tracks laid thereon, and was struck by defendant's car running on the south track and thrown upon the north track where she was run upon by defendant's engine; that the defendant, through its employes in charge of the engine which was over plaintiff, "well knew the danger in which plaintiff was placed, and was in full view of plaintiff and well knew that said engine was over and upon plaintiff, and was fully able to raise said engine up and extricate the plaintiff without injuring her, and was fully able to remove the front footboard of said engine, which said front footboard pinioned plaintiff to the earth, and thus remove plaintiff from under said front footboard and said engine without injuring her, and saw plaintiff under said engine, and saw plaintiff's perilous situation and saw and knew that they could nct back said engine from off plain-

tiff while said footboard was on said engine'', that without exercising any of the precautions mentioned or allowing plaintiff to extricate herself, through its employes ''then and there carelessly and negligently gave orders to back said engine from off plaintiff, and then and there brought said front footboard on said engine over plaintiff's body, and then and there carelessly and negligently injured the plaintiff.'' Appellee practically concedes that appellant is not liable for any act prior to the time she was lying beneath the front footboard of the engine, and it may likewise be conceded that her position there was the result of the fact that she was a trespasser and guilty of contributory negligence. The complaint proceeds upon the theory that appellant was guilty of negligence in backing the engine off of appellee and injuring her after it knew of her perilous situation beneath the footboard and the danger to her of moving the engine backward. The doctrine of last clear chance aptly applies to the facts alleged in this paragraph of complaint. The principle on which this doctrine rests and some of the conditions under which it may be applied have been recently considered by this court. *Evansville, etc., Traction Co.* v. *Spiegel* (1912), 49 Ind. App. 412, 94 N. E. 718, 97 N. E. 949; *Schilling* v. *Indianapolis, etc., Traction Co.* (1912), 51 Ind. App. 131, 96 N. E. 167, 97 N. E. 124; *Indianapolis, etc., Traction Co.* v. *Croly* (1913), 54 Ind. App. 566, 96 N. E. 973, 98 N. E. 1091; *American Car, etc., Co.* v. *Inzer* (1913), 53 Ind. App. 316, 101 N. E. 676.

The doctrine of last clear chance is most commonly applied to a class of cases in which it appears that the transaction out of which the accident arose involved some antecedent negligence on the part of the defendant, and where the injured party has also been guilty of some fault or negligence which exposed him to the danger of the injury which resulted, but where a condition arose prior to the injury which afforded the defendant a last clear chance of avoiding such injury of which chance he

negligently failed to take advantage. The same principle applied in these cases may, however, be applied to a case where the defendant has not been guilty of any antecedent negligence. If conditions develop prior to an injury which afforded a defendant a last clear chance of avoiding it, the duty to use care to that end immediately arises. It is a duty born of the situation of the parties, and its existence does not depend upon any facts showing a duty in favor of the party injured, prior to the time such conditions arose. The negligent failure to discharge such a duty may constitute original negligence. *Schilling* v. *Indianapolis, etc., Traction Co., supra.* The doctrine of last clear chance has been applied to cases where the injured party was a trespasser. *Clark* v. *Wilmington, etc., R. Co.* (1891), 109 N. C. 430, 14 S. E. 43, 14 L. R. A. 749; *Chicago, etc., R. Co.* v. *Pritchard* (1907), 168 Ind. 398, 79 N. E. 508, 81 N. E. 78, 9 L. R. A. (N. S.) 857; *Louisville, etc., R. Co.* v. *Coleman* (1888), 86 Ky. 556, 6 S. W. 438, 8 S. W. 875; 2 Thompson, Negligence §1734.

It is contended on behalf of appellant that no distinction exists between the duty imposed by the doctrine of last clear chance, as announced and applied by the courts, and the duty not to inflict a wilful injury. With this contention we cannot agree. The duty which arises under the various conditions to which this doctrine has been held to apply is a duty to exercise reasonable care and to use reasonable judgment and prudence to prevent injuring the party who by his own fault or negligence has exposed himself to danger. After such a condition arises, the party owing the special duty may intentionally and wilfully injure the party exposed to danger, or he may negligently fail to use proper care and judgment to avoid injuring him. In the former case he would be guilty of wilful injury, but in the latter case he would be guilty of negligence. Our meaning can be illustrated by reference

to this case. · If the servants of appellant knew that the plaintiff was under the locomotive and also knew that her leg was in such a position that it would be crushed by moving the engine backward, a jury might properly find that backing the engine under such circumstances amounted to a wilful injury; but, if they believed that she was lying in such a position that she would not be injured by backing the engine and they did back the engine without exercising proper care and caution to ascertain whether or not such a course was likely to produce an injury, such conduct would amount to nothing more than a want of ordinary care.

What we have said as to the sufficiency of the second paragraph of complaint practically disposes of a number of questions raised. It is evident that the court did not err in overruling the demurrer to this paragraph or in overruling the motion of appellant to strike it out. What has been said is also decisive of the question raised by the motion for judgment on the interrogatories notwithstanding the general verdict. If, as contended by appellant, both paragraphs of complaint were based upon a charge of wilful and intentional injury, the interrogatories would be in irreconcilable conflict with a general verdict resting upon either of such paragraphs, as it is admitted by the brief of appellee that the facts found by such answers show that the injury was not caused intentionally or wilfully. We have held, however that the second paragraph of complaint states a cause of action on the ground of negligence, and it is not contended that the facts found by the answers to interrogatories are in conflict with a verdict resting upon this paragraph if held sufficient on the theory of negligence.

Appellant assigns as error that the trial court erred in overruling its motion for a new trial. The propositions already discussed practically dispose of most of the questions properly presented by appellant's

brief under this assignment. Appellant asserts that a new trial should have been granted upon the ground that the evidence is insufficient to sustain the verdict. If as contended by appellant, it were necessary to prove a wilful or intentional injury in order to sustain a verdict on either paragraph of complaint, there might be considerable merit in this claim; but, in view of the fact that this court holds the second paragraph of complaint sufficient to state a cause of action upon the ground of negligence, appellant's argument fails entirely. There is ample evidence to sustain the charge of negligence stated in this paragraph.

Appellant complains of the refusal of the court to give at its request each of several instructions, Nos. 1, 4, 5, 9, 11, 12 and 13. All of these instructions proceed upon the theory that a recovery could be allowed only upon proof of facts showing a wilful and intentional injury and each was so worded as to preclude a recovery upon proof of negligence. For the reasons already stated the court did not err in refusing each of these instructions.

Instruction No. 2 given at the request of appellee is objected to upon the ground that it does not limit the right of appellee to a recovery for negligence on the part of appellant which occurred after she was pinioned to the ground under the footboard of the engine. The instruction should have been so limited; but, in view of the answers to the interrogatories it is clear that the verdict is based solely upon the negligent conduct occurring subsequent to that time, and for this reason the error, if any, was harmless. The objections to the other instructions are all based upon appellant's contention that there could be no recovery upon the ground of negligence. Our previous discussion of this question disposes of these objections. No reversible error is shown.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 988. As to what duty a railroad company owes to trespasser on track, see 82 Am. St. 158. As to

the duty of a railroad company to keep lookout for trespassers on track, see 25 L. R. A. 289; 41 L. R. A. (N. S.) 264. See, also, under (1, 3) 33 Cyc. 769; (2) 33 Cyc. 826; (4) 33 Cyc. 854, 865; (5, 6, 7, 8) 28 Cyc. 530; (9) 38 Cyc. 1927; (10) 3 Cyc. 348; (11) 38 Cyc. 1632; (12) 38 Cyc. 1815.