## PETERSON v. BALTIMORE & O. R. CO.
### Civ. No. 1695.

District Court, W. D. Pennsylvania.
Sept. 24, 1947.

J. Thomas Hoffman, of Pittsburgh, Pa., and David S. Heimlich, of McKeesport, Pa., for plaintiff.

Vincent M. Casey (of Margiotti & Casey), of Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, District Judge.

This proceeding was heard before the Honorable Frederick P. Schoonmaker, now deceased, on November 14, 1944, and was assigned to this member of the Court for consideration in April of 1947.

This is an action in trespass instituted in the Common Pleas Court of Allegheny County by Rose A. Peterson, Adminstratrix of the Estate of Charles A. Peterson, decedent, alleged to have died as a result of injuries received when he was struck by one of defendant's trains on its tracks near the Baltimore & Ohio Railroad Station, at McKeesport, Pennsylvania. The case was subsequently removed to the United States District Court. Plaintiff demanded damages in the sum of $25,000. The pleadings upon which this case was tried were the plaintiff's Statement of Claim and the defendant's Answer. At the conclusion of plaintiff's case, defendant made motion for dismissal. The motion was granted.

On the 23rd day of November, 1944, the plaintiff moved the Court for a new trial and in support thereof assigned the following reasons:

1. The Learned Court erred in granting the motion to dismiss and withdrawing the case from the jury;

2. The Learned Court erred in sustaining defendant's motions to exclude testimony sought to be introduced by plaintiff's counsel from Dr. Holland, to which plaintiff's counsel duly excepted.

The accident occurred on July 17, about 6:30 p. m., in the busiest section of McKeesport, Pennsylvania, on defendant's tracks between its grade crossings located at the intersection of Sinclair Street and Jerome Boulevard, and the intersection of Fifth Avenue and Locust Street. Jerome Boulevard and Fifth Avenue run in an easterly and westerly direction, Fifth Avenue paralleling Jerome Boulevard on the north. Sinclair Street and Locust Street run in a northerly and southerly direction, Locust Street paralleling Sinclair Street on the east. The defendant's tracks cross these thoroughfares at said intersections. The tracks bisect the square made by the intersection and defendant's railroad station is located in the space between these intersections. The tracks cross the Jerome Boulevard intersection on a curve. There are two main tracks, one eastbound and the other westbound. The station is located on the northerly side of the tracks, and a loading platform or baggage platform on the southerly side, along the eastbound track. The decedent was struck at a location near the Boulevard crossing and beyond the station, as he was walking along or across the eastbound track.

It is admitted by counsel for the plaintiff, and there does not appear to be any question from a reading of the record, that the deceased was guilty of contributory negligence in failing to stop, look and listen before he went on the tracks, and in failing to look and listen as he crossed the tracks. In other words, no negligence existed on the part of the defendant up to the time that it was necessary for the engineer of the

train to make an emergency stop. When the deceased was struck by the defendant's train, the left front drive wheel of the engine passed over the right leg of the deceased. After the accident the deceased was lying on the right side of the eastbound track on his back, with his right leg pinioned under the front drive wheel of the locomotive, and the rest of his body on the outside of the engine.

The right leg was badly mangled as a result of said accident and while lying in this position, the plaintiff's testimony indicates that the deceased was assisted by a person, other than an employee of the defendant, in an effort to extricate him from said position. The plaintiff's testimony is not definite as to what was said by the deceased. One of the witnesses called by the plaintiff stated that the deceased was yelling or hollering to get him out or to remove the right leg from the position in which it was placed. Another witness testified that the deceased had stated to please not run the engine over him again.

However, after the train had come to a stop, the engineer conferred with three or four other members of the crew relating to the best method of removing the body from under the drive wheel. After this conference the engineer returned to his locomotive and thereupon moved the train in reverse about one foot. The deceased was removed, placed on a stretcher and taken to a hospital where he died the next day. During the whole period of this time the deceased was conscious.

On the basis of the above facts, the trial judge held that no negligence had been established by the plaintiff on the part of the defendant, and, therefore, granted the motion of judgment for dismissal.

In addition, the plaintiff offered to prove by the doctor who attended the deceased subsequent to the accident the following:

1. That the backing of the train, or the movement thereof, from the leg of the deceased contributed to the decedent's shock and resulting death.

2. That the movement of the train would aggravate the condition of one under the drive wheel of the train, whose leg had not been completely severed.

It is contended by the plaintiff that the testimony which would have been elicited by an answer to these questions was relevant for the purpose of establishing the extent of the injuries which resulted from the second starting of the train. The Trial Court refused to permit an answer being made to either of said questions for the reason that they were irrelevant since the plaintiff had not established negligence on the part of the defendant.

The questions of law involved in the motion for a new trial or to lift the entry of the judgment of dismissal are as follows:

1. Was there sufficient evidence to establish that the defendant was guilty of negligence in removing the front drive wheel of the engine from the right leg of the decedent?

2. Did the Trial Judge commit error in excluding the testimony of the medical attendant as to the aggravation of the decedent's injuries by the backing or second movement of the train, and that said act contributed to the decedent's shock?

It must be remembered that the defendant is not responsible for what happened to the deceased before the train came to an emergency stop, or in the deceased being placed in the manner heretofore mentioned under the wheel of the engine.

Thus, under the undisputed facts, the liability of the defendant must be predicated upon the conduct of the defendant's employees subsequent to the time that the train came to an emergency stop after first passing over the decedent.

Whatever the degree of negligence on the part of the deceased in the original injury, that negligence culminated in the accident which placed the decedent under the drive wheel of the locomotive. From that moment a new relation existed, and any act of omission or commission on the part of the defendant, demanded by the situation which amounted to a lack of care or negligence and which resulted in the death of the decedent, would be tested during the subsequent period.

It is, therefore, necessary to scan the record and determine whether or not negligence has been established on the part of the defendant after the train came to a

stop with the right leg of the deceased ·pinioned under the front drive wheel of the engine.

■■ It must be kept in mind that the granting of a motion to dismiss or the entry of a non-suit should be permitted only in· clear cases. In passing on a motion of this nature, and in reviewing the refusal to take off the non-suit, the evidence must·be regarded in a light most favorable to the plaintiff. The plaintiff must receive the benefit of every fact which the jury might reasonably infer in plaintiff's favor from the evidence received or erroneously excluded. Brennen et al. v. Pittsburgh Rys. Co., Appellant, 323 Pa. 81, 186 A. 743; Kallman v. Triangle Hotel Co., 357 Pa. 39, 52 A.2d 900; Kimble, Appellant, v. Wilson et al., 352 Pa. 275, 42 A.2d 526.

■ It is my duty to determine from the record whether or not facts have been presented from which the jury could infer or find that the defendant was guilty of lack of due care under the circumstances; that is, did the defendant fail to do what a reasonable and prudent man would ordinarily have done under the circumstances, or did the defendant do what a reasonably prudent and cautious man would not have done under the circumstances.

Since the facts are not in dispute as to what actually took place, the sole question before the Court is whether or not fairminded men may draw different inferences as to whether or not negligence exists under the circumstances. If this question is answered in the affirmative, the entry of the motion to dismiss or the granting of a non-suit is error. However, if it is answered in the negative, it becomes the duty of the Court, as a matter of law, to sustain the action of the trial judge.

There have been cases of marked similarity which have been before the courts in this Commonwealth.

In the case of Gehringer et al., Appellants, v. Erie Rys. Co., 301 Pa. 103, 151 A. 703, through the negligence of the plaintiff he was struck by a streetcar, and after the accident his foot was pinned under the wheel of the car. Some person who saw the accident called to the motorman to back the car, which the motorman did, and it was claimed that as a result thereof the plaintiff sustained more serious injuries. It was held by the court that the circumstances created one of emergency and called for quick action on the part of the motorman since the plaintiff's foot was caught under the wheel. Since the motorman complied with the request of a bystander, who was in a position to observe the conditions which existed, although the act of. backing the car turned out not to be the wisest thing to do, taking into account the emergency which confronted the motorman, it could not be said that the motorman did not exercise care in following the direction of an individual who could clearly see how the situation existed. In other words, it was held that the motorman was not negligent in as much as the situation was one of sudden emergency, calling for quick action on his part.

In the case of Trussel v. United Traction Co., 48 Pittsb.Leg.J. 15, the plaintiff was run over by a streetcar and was pinned under a wheel of the car. After efforts were extended to extricate the injured person, the car was first moved further and run upon the injured person again, and then immediately reversed and run back over him. Although no negligence existed in the first instance on the part of the defendant as far as the accident was concerned, there was no question but what the subsequent movement of the streetcar caused more serious injuries. It was held that since the motorman was confronted with a sudden emergency and under the belief that it was necessary to have the injured person removed from under the car immediately, while such action might be a mistake of judgment, the defendant could not be held negligent.

In the case of Polonofsky et al., Appellants, v. Dobrosky, 313 Pa. 73, 169 A. 93, the defendant was confronted with a sudden emergency in the operation of his motor vehicle and it was contended that the defendant instead of continuing in the direction in which he was going and colliding with the oncoming car, the defendant should have driven off the pavement or roadway. The Supreme Court held that since the defendant was confronted with a sudden emergency, the exercise of his choice of

alternatives in meeting the emergency absolved him from liability. Furthermore, where one finds himself in a position of danger which is not the result of his negligence, he is not responsible if he makes a mistake in judgment in getting out.

It has been held in a long line of cases that negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to comprehend the situation and act according to the exigency. McKee v. Harrisburg Traction Co., Appellant, 211 Pa. 47, 60 A. 498; Brennen et al. v. Pittsburgh Rys. Co., Appellant, 323 Pa. 81, 186 A. 743.

This is especially true where one finds himself in a position of danger which is not the result of his negligence. Said person is not responsible for a mistake in judgment in the choice of alternatives in meeting the emergency. Mulheirn v. Brown et al., 322 Pa. 171, 185 A. 304.

In other words, liability cannot be premised on a failure to see, do or follow what might appear on reflection to have been a wiser course. Ackerman, Appellant v. Union Traction Co., 205 Pa. 477, 55 A. 16; Leslie v. Catanzaro, Appellant, 272 Pa. 419, 116 A. 504; Phillips v. People's Passenger Ry. Co., 190 Pa. 222, 42 A. 686; Floyd, Appellant, v. Philadelphia & Reading R.R., 162 Pa. 29, 29 A. 396; Sieb v. Central Pennsylvania Traction Co., Appellant, 47 Pa.Super. 228.

It is necessary to invoke the sudden emergency rule under the facts in the instant case for the reason that it is admitted and there is no question from a reading of the record that the defendant was placed in this emergency through the negligence of the deceased. If there were any question as to the prior negligence of the deceased which brought about the emergency, it would be a matter for the determination of the jury under appropriate instructions. Casey, Appellant, v. Siciliano, 310 Pa. 238, 165 A. 1.

The presumption that the deceased was exercising reasonable care when originally struck by the train does not avail in this case in view of the testimony and admissions which clearly established contributory negligence on the part of the deceased. As a result thereof, the presumption must go down before the admitted and proven facts. Murphy v. Neely, 319 Pa. 437, 179 A. 439; Ferencz v. Pittsburgh Rys. Co., Appellant, 341 Pa. 369, 19 A.2d 385.

In connection with the questions in which it is claimed that the Trial Judge committed error in refusing to permit inquiry from a medical attendant of the deceased as to the aggravation of the decedent's injuries and resulting shock by the backing or second movement of the train, I believe that the ruling was proper. The plaintiff had not established that negligence existed on the part of the defendant in removing the wheel of the train from the leg of the deceased. If negligence had been established or facts presented in connection with which reasonable minds might differ, the question would have been proper.

This would be true for the reason that where a plaintiff receives various injuries, for only part of which the defendant was liable, said damages would be individuated, not necessarily with absolute precision but with reasonable approximation. Frederick, Appellant, v. Philadelphia Rapid Transit Co., 337 Pa. 136, 10 A.2d 576; McAllister et al. v. Pennsylvania R. Co., 324 Pa. 65, 187 A. 415.

In the absence of a fixed duty, negligence cannot be inferred from the failure to do an act in some other way not shown to be safer. Where the facts are simple and not controverted, and reasonable men cannot differ, their legal value is for the court to determine. Wood v. Philadelphia Rapid Transit Co., 260 Pa. 461, 104 A. 69, L.R.A.1918F, 817.

No one can be charged with carelessness or negligence when he does that which his judgment approves, or where he omits to do that which he has no time to judge, although such act or ommission, if faulty, may be called a mistake where said person is confronted with a sudden emergency and the emergency is not one of his creation. Miller, Appellant, v. Southern Asphalt Co. et al., 314 Pa. 289, 171 A. 472.

I will now consider the various authorities cited by counsel for the plaintiff, which it is contended have application, in whole or

in part, to the questions which exist in the instant case. As will appear, if these cases are read carefully, they are distinguishable either on the facts or the law as it exists in the Commonwealth of Pennsylvania.

In the case of Weitzman v. Nassau Electric R. Co., 33 App.Div. 585, 590, 56 N.Y.S. 905, a child was struck by a streetcar, landing upon the tender of the car and carried for a considerable distance. The child was seen about 20 feet in front of the streetcar before it was struck. The plaintiff offered to prove that if the car had been properly equipped with mechanical appliances, it could have been stopped within a space of 20 feet. The court refused this offer. The appellate court held that refusal of the offer was error and that it was the duty of the railway company, when the child had been placed in a position of danger on the tender, to have prevented the injury and death of the child if by the exercise of reasonable means it could have done so. Whether or not the railroad discharged its duty should have been submitted to a jury. It is self-evident that in the case just referred to, it is clearly distinguishable on the facts as compared with the circumstances in the instant case, and, therefore, of no value or assistance in approaching our problem.

In the case of Northern Cent. R. Co. v. State, 29 Md. 420, 441, 96 Am.Dec. 545, the deceased was struck by a train of the defendant company and apparently killed. Supposing him to be dead, employees of the defendant caused the body to be locked up in the warehouse of the defendant company. The next morning it was found that the individual had come to life during the night, pulled himself across the warehouse and was lying some distance from where he had been placed. It was held that whatever caused the collision to occur, that thereupon, at once, it became the duty of the defendant, through its agents, to remove the injured person, and to do it with proper regard for his safety. In removing and locking him up, although he was apparently dead, negligence was committed whereby his death was caused, and there is no basis upon which the defendant could be exonerated from the responsibility. This case does not govern or lend any assistance to the issue raised herein.

In the case of American Car & Foundry Co. v. Inzer, Ind.App., 86 N.E. 444, it appears the ruling set forth therein was reversed by the Supreme Court of Indiana, all of which more fully appears at 172 Ind. 56, 87 N.E. 722. The pleadings were amended after the ruling of the Supreme Court and it was again before that court at 53 Ind.App. 316, 101 N.E. 676. In this case the deceased, through his own negligence, was thrown on the tracks of the defendant company and placed in a helpless condition. While the whole of his body was lying upon the tracks, an employee of the defendant company, who had charge of the train, gave an order to the engineer to back the train and, in so doing, the train passed over the body, cutting it in two and causing death. The Supreme Court of Indiana finally sustained a verdict in favor of the estate of the deceased in which it was held that although the deceased was negligent in the first instance, that if the defendant had an opportunity to avoid injuring him to a greater extent, the defendant would be liable under the doctrine of "last clear chance". This case is distinguishable on the facts for the reason that the whole of the body of the deceased was on the tracks and on reasonable inspection it should have been known that if the train would have moved, it would have passed over the body. In addition thereto, the doctrine of "last clear chance" is not recognized in Pennsylvania. Kasanovich, Adm'x, Appellant, v. George et al., Trustee, 348 Pa. 199, 202, 34 A.2d 523.

In the case of Frederick, Appellant, v. Philadelphia Rapid Transit Co., supra, the plaintiff had alighted from the train of the defendant, and for some unexplained reason slipped from the platform into the pathway of the train. The plaintiff presented testimony that the employees of the defendant had been informed that a man was on the tracks. Said employees made a limited examination with a searchlight by looking under one part of the train, and then caused the train to be operated which brought about serious injuries to the plaintiff. The Supreme Court held that it was a question for the jury as to whether or not the defendant had knowledge that a person was underneath the train and if every reasonable effort was extended to ascertain this fact.

It was further held that it was the duty of the defendant to locate the man and remove him before restarting the train. This case does not have marked similarities from a factual standpoint; although, in my judgment, the rule of law expressed therein is sound, it cannot be applied to the facts in the instant case.

In the case of Mars, Appellant, v. Philadelphia Rapid Transit Co., 303 Pa. 80, 154 A. 290, the deceased was on the tracks of the defendant company in a lying position when first observed by the operator of a streetcar. The streetcar struck the defendant and when the car was stopped, the individual was pronounced dead. This case under the circumstances has no similarities as compared with the circumstances in the matter now before the Court.

It appears, on the contrary, that the authorities in Pennsylvania in the cases that have a similar analogy all have held that, under circumstances such as exist in the instant case, no liability exists on the part of the railroad company.

It is possible that in the instant case several things might have been done other than backing the engine away from the leg which was pinned under the wheel. Due to the leg being badly mangled, a doctor could have been called and it might have been found advisable to amputate the leg at the scene of the accident. Some mechanical means might have been used, such as an appropriate lift, wreck train equipment brought into use, or other means which the skill and intuition of man might have been able to see if time and opportunity existed to exercise sound, coherent, intelligent and reasonable thought.

I believe that the employees of the railroad company, when confronted with the sudden emergency for which they were not responsible, acted according to their best judgment and although it may be argued that they failed in the most judicious manner, due to the want of time which existed to perform with possibly more sound judgment, said failure, by way of omission or commission, does not constitute negligence such as would justify a right to recover.

The motion for a new trial and the motion to lift the entry of a non-suit are refused. The action of the trial judge in sustaining the defendant's objection to the testimony offered by the plaintiff is sustained.

An appropriate Order will be filed.