HEMPHILL v. LUMBER CO.

(Filed May 22, 1906).

*Railroads—Negligence—Contributory Negligence—Derailments—Burden of Proof—Defective Appliances—Lumber Roads—Street Railways—Fellow Servant Act.*

1.  In an action against a lumber road for injuries from a derailment, the court properly refused defendant's prayer to instruct the jury that if they believed the evidence to answer the first issue (negligence) "no," as a presumption of negligence arose from the derailment.  And there was, besides, in this case evidence that both the car and the track were defective.

2.  In an action against a lumber road for injuries from a derailment, the court properly refused to charge the jury that if they believed the evidence to answer the second issue (contributory negligence) "yes," as the burden of this issue was upon the defendant and, besides, the evidence was conflicting.

3.  Lumber roads and street railways are "railroads" within the meaning of the Fellow Servant Act, Revisal, section 2646.

ACTION by A. W. Hemphill against Buck Creek Lumber

Co., heard by *Judge W. R. Allen* and a jury, at the March Term, 1906, of the Superior Court of BUNCOMBE. From a judgment for the plaintiff, the defendant appealed.

*Locke Craig* and *P. H. Winston* for the plaintiff.
*Busbee & Busbee* and *Justice & Pless* for the defendant.

CLARK, C. J. The plaintiff was injured in the derailment and wreck of a train of cars loaded with logs and tan bark, which was running backward at a speed of eight to fifteen miles an hour. He was a brakeman, and in the discharge of his duty on the front end of the car farthest from the engine. This railroad was a lumber road, with iron rails, four feet gauge, and using steam locomotives. The plaintiff testified that the rims of the wheels of the car on which he was riding were not as wide as the rims of the wheels of the other cars, and hence that car was more liable to get off the track; that this happened often on the new part of the road, but not on the older part; that this car was not the same height as the car to which it was coupled, which necessitated the use of a bent link; that the only bent link he could get was crooked, and this made it necessary for the brakeman to be on this front car of the backing train to watch it, as it might break and turn the car loose. It was not controverted that, at the place the derailment occurred, the track was in bad condition, the cross ties too rotten to hold the spikes and rails, that the defendant's foreman had inspected and found this to be true before the wreck, but the plaintiff testified that he knew nothing of the condition of the track at that point; that the derailment occurred at a curve where the track had spread on account of the rotten cross ties.

The court properly refused the defendant's prayer to instruct the jury that if they believed the evidence to answer the first issue (negligence) "no." "Where there is a collision or derailment, and in like cases, the presumption of negli-

gence arises." *Wright v. Railroad,* 127 N. C., 229; *Marcom v. Railroad,* 126 N. C., 200; *Kinney v. Railroad,* 122 N. C., 961; *Grant v. Railroad,* 108 N. C., 470; 2 S. & R. Neg., sec. 516, and numerous cases there cited. The above was cited and approved in *Stewart v. Railroad,* 137 N. C., 689. There was, besides, evidence that both the car and the track were defective.

The court also properly refused to charge the jury that if they believed the evidence to answer the second issue (contributory negligence) "yes." The burden of this issue was upon the defendant, and, besides, the evidence was conflicting.

The defendant further insisted that the "Fellow Servant Act," Revisal, section 2646, which deprives "any railroad operating in this State" of the defense of assumption of risk as to "any defect in the machinery, ways or appliances of the company," does not apply to lumber roads, and therefore its first prayer should have been given. In *Schus v. Powers-Simpson Co.,* 69 L. R. A., 887, 85 Minn., 447, this point was raised under the Minnesota "Fellow Servant Act," which is very similar to that in this State, and the court held that the words "Every railroad corporation owning or operating a railroad in this State" embraced a "logging road," that though it is not a common carrier of freight and passengers, its employees engaged in the operation of its trains are exposed to the same dangers and risks as are employees of railroads operating as common carriers, and come within the spirit and intent of the act, and that the wider signification of the word "railroad," meaning any road operated by steam or electricity on rails was intended by the Legislature.

Both street railways and logging roads are railroads, i. e. roads whose operations are conducted by the use of rails, and come within the general term "railroads"—certainly within the meaning of the Fellow Servant Act, which sought to protect all employees, engaged in this dangerous avocation, by

HEMPHILL *v.* LUMBER CO.

requiring safe ways, machinery and appliances, and taking away from such companies the defense that an employee had been injured or killed by the negligence of a fellow servant.

In *Hancock v. Railroad,* 124 N. C., 222, the point was made that street cars and lumber roads were not within the Fellow Servant law. It was not necessary to pass upon the point in that case, but in *Witsell v. Railroad,* 120 N. C., 557, which was an action against a street car company, the rule as to the nature of appliances required on all "railroads" was laid down, and street cars have in all cases been treated ever since in this court as liable to the same duties as any other railroad.

In *Fleming v. Lumber Co.,* 128 N. C., 532, where the negligence alleged was such that the judge below nonsuited the plaintiff, evidently on the ground that the Fellow Servant Act did not apply to a lumber road, this court by a *per curiam* order set aside the nonsuit, and directed that the issues should be submitted to a jury. In *Craft v. Timber Co.,* 132 N. C., 156, it was held that the rules applicable to other railroads, as to negligence causing fires originating on the right of way "applied to private railroads constructed for logging purposes," and this was reaffirmed in *Simpson v. Lumber Co.,* 133 N. C., 96. The same rule as to defective spark arresters was held applicable to lumber roads as to other railroads. *Cheek v. Lumber Co.,* 134 N. C., 230.

No Error.