J. L. SAWYER v. ROANOKE RAILROAD AND LUMBER COMPANY.

(Filed 11 September, 1907).

1. **Railroads—Logging Roads—Negligence—Proximate Cause— Damages.**

When the trains upon logging roads of defendant are operated by steam-or other mechanical power, the employees engaged in operating its trains are required to keep a careful and continuous outlook along its track, and the defendant is responsible for injuries resulting as the proximate consequence of negligence in the performance of this duty, whether in remote or populous localities.

2. **Same—Contributory Negligence—Last Clear Chance—Proximate or Concurrent Cause.**

A negligent act of the plaintiff is not contributory unless the proximate cause; and, though plaintiff may have been negligent in going upon defendant's track, when he has become helpless and down thereon, the responsibility of defendant attaches when it negligently fails to avail itself of the last clear chance.

3. **Same—Last Clear Chance—Instructions—Issues—Discretion of Court.**

While the doctrine of the last clear chance is frequently submitted under a separate issue, and sometimes it is desirable to do so, it is not always necessary to so present it, and it is within the discretion of the trial Judge to submit it upon the issue of contributory negligence under proper instructions.

4. **Evidence—Admission—Pleadings.**

It is competent for plaintiff to put in evidence as an admission of the defendant a section of the answer containing the allegation of a distinct and separate fact relevant to the inquiry, though it

is only a part of an entire paragraph, without introducing qualify-ing or explanatory matter, inserted by way of defense, which does not modify or alter the fact alleged.

CIVIL ACTION to recover damages for personal injury caused by the alleged negligence of defendant company, tried before *W. R. Allen, J.,* and a jury, at February Term, 1907, of the Superior Court of BEAUFORT County.

There was evidence tending to show that in May, 1904, plaintiff was run over and seriously injured by a logging train of defendant company while he was in the employment of the defendant and engaged in cutting out its right of way; that defendant had constructed a railroad track of iron rails from Slatersville, a station on the Norfolk and Southern, to a tract of timber about five miles out, and at the time of the injury was engaged in operating a logging train, by which the logs, as they were cut and loaded, were hauled over the spur track to Slatersville and thence over the line of the Norfolk and Southern to Plymouth, where defendant's mill was situ-ated; that the plaintiff was with a gang of hands engaged in cutting out a right of way through this timber, and as this was done another gang would lay the track, when the train, con-sisting on this day of a locomotive and several logging cars, would be moved backwards down the track, and the timber logs that had been cut from and on either side of the track were loaded onto the train; that this loading was done chiefly. by a skidder, a machine which was placed on the rear car, being in front as the train was moving, a large machine, con-sisting of an engine, cable, etc., which was enclosed in a build-ing or large box several feet wider than the car on which it was placed, and eight or ten feet high. This box, enclosing and protecting the machinery, had a door and perhaps a win-dow at the rear, from which those who were engaged in operat-ing the skidder could, when required, look down the track, and there were a door and steps for entrance at the front of the skidder; that several hands were required to operate the skid-

der when the loading was being done, and some were on the car at the time of the injury; that when the track was laid the engine would back the train along the same, and the skidder would draw in and load the logs from either side of the track onto the logging cars; that some of the hands were engaged in the woods, some cutting the right of way, some were engaged with another machine at the end of the track, and plaintiff himself, with one Billie Boyd, was engaged in grinding plaintiff's axe, some ten or twelve feet from the track, when a thunder and rain storm came up, and plaintiff and Boyd started along the track toward the skidder with the intention of going into the same for shelter. · The train, with the skidder on the front car, was at this time being backed down the track toward plaintiff at the rate of about two miles an hour, and could have been stopped within a distance of fifteen feet; that as plaintiff and Billie Boyd were so moving down the track to take protection in the skidder, they were struck by a bolt of lightning, Boyd being instantly killed and plaintiff knocked down and rendered unconscious, remaining so until he was run over by the train. The place where the plaintiff fell and remained upon the track was seventy-five yards ahead of the moving train, on a straight track and in view of the hands and employees on the train, if any had been looking.

Three issues were submitted: 1. As to defendant's negligence. 2. Contributory negligence on the part of plaintiff. 3. Damages.

Under the charge of the Court, there was a verdict for the plaintiff. Upon judgment thereon, defendant excepted and appealed.

*Bragaw & Harding, Nicholson & Daniel* and *Ward & Grimes* for plaintiff.

*Small & McLean* for defendant.

HOKE, J., after stating the case: The Judge below imposed upon the defendant the duty of keeping an outlook along the track in the direction in which the train was moving, and in this connection charged the jury that, if they found the facts to be that the defendant company was operating a railroad for the purpose of hauling logs, and operating an engine and cars, the law imposed upon it the duty to keep a lookout for the purpose of avoiding injury to persons on the track apparently unconscious; and if it failed in this duty it was negligent, and if such failure was the real and proximate cause of the plaintiff's injury they would answer the first issue "Yes," etc.

It is urged for error that, on account of the remote placing of this occurrence, with no one ahead along the track or likely to be there, except its own employees, whom they had every reason to believe were there, alive and in health and in proper possession of their faculties, the Judge should have charged the jury that, upon the entire testimony, if believed, there was no negligence shown on the part of the company, and the jury should answer the first issue "No." But we are of opinion, and so hold, that the charge of the Court correctly expresses the law applicable to the case, and that this assignment of error cannot be sustained. These logging roads, in various instances and in different decisions, have been described and treated as railroads and held to the same measure of responsibility and the same standard of duty. *Hemphill v. Lumber Co.,* 141 N. C., 487; *Simpson v. Lumber Co.,* 133 N. C., 96; *Craft v. Lumber Co.,* 132 N. C., 156. And it is well established that the employees of a railroad company engaged in operating its trains are required to keep a careful and continuous outlook along the track, and the company is responsible for injuries resulting as the proximate consequence of their negligence in the performance of this duty. *Bullock's case,* 105 N. C., 180; *Dean's case,* 107 N. C., 686; *Pickett's case,* 117 N. C., 616. This particular duty arises

not so much from the fact that railroad companies are common carriers or *quasi* public corporations as from the high degree of care imposed upon them on account of the dangerous agencies and implements employed and the great probability that serious and in many instances fatal injuries are almost certain to result in case of collision. As said by *Burwell, J.,* in *Haynes v. Gas Co.,* "The utmost degree of care, so far as skill and human foresight can go, is required, for the reason that a neglect of duty is likely to result in great bodily harm and sometimes death to those who are compelled to use that means of conveyance." And quoting from Ray on Negligence, page 53, "As a result of the least negligence may be of so fatal a nature, the duty of vigilance on the part of the carrier requires the exercise of that amount of care and skill in order to prevent accidents." These reasons apply with equal force to logging roads when their trains are operated by steam or other mechanical power, and are of such exigent nature as to impose this requirement of keeping an outlook as an arbitrary duty, whether in remote or more populous localities. Certainly, on the facts disclosed by this testimony, there should be no relaxation of the rule. Some of the employees were ahead, engaged in cutting out the way; others in laying down the track; yet others were at work at the end of the track, with another machine of the same kind. They were engaged in rough work, and not unlikely to be in and upon the track at different places, and at times and in different ways to be down and helpless upon it; and it was a negligent act to back a train in their direction without keeping an outlook. The duty is imposed because some injury, and serious injury, was likely to follow from its neglect; and when such injury does follow, it is no answer that the injured party was down and helpless from some unusual or unexpected cause. *Drum v. Miller,* 135 N. C., 204; *Hudson v. Railway,* 142 N. C., 198; *Horne v. Power Co.,* 144 N. C., 375. As stated in *Hudson v. Railway,* the correct doctrine is as fol-

lows: "In order that a party may be liable for negligence, it is not necessary that he could have contemplated or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient if, by the exercise of reasonable care, the defendant might have foreseen that some injury would result from his act of omission, or that consequences of a generally injurious nature might have been expected."

Defendant further contends that, on the entire evidence, the plaintiff was guilty of contributory negligence, and objects to the following part of the charge on that question: "If you find from the evidence that defendant was backing its train down its track, that the plaintiff fell on the track in an apparently unconscious condition, that when he so fell he was far enough from the train for it to have been stopped in time to have avoided the injury, that the defendant failed to keep a lookout, and that if a lookout had been kept the defendant, by the exercise of ordinary care, could have discovered that plaintiff was on the track in an apparently unconscious condition in time to stop its train and avoid the injury, then the plaintiff's negligence, if any, would not be contributory; and if you so find you will answer the second issue 'No.'"

We think this position is also correct and clearly states the law applicable to the issue. A negligent act of the plaintiff does not become contributory unless the proximate cause of the injury; and, although the plaintiff, in going on the track, may have been negligent, when he was struck down and rendered unconscious by a bolt of lightning his conduct as to what transpired after that time was no longer a factor in the occurrence, and, as all the negligence imputed to defendant on the first issue arose after plaintiff was down and helpless, the responsibility of defendant attached because it negligently failed to avail itself of the last clear chance to avoid the injury; so its negligence became the sole proximate cause of

the injury; and the act of the plaintiff in going on the track, even though negligent in the first instance, became only the remote and not the proximate or concurrent cause.   This responsibility of a defendant by reason of a negligent failure to avail itself of the last clear chance to avoid an injury is sometimes submitted to a jury under a separate issue; and, while it is sometimes desirable, it is not always necessary so to present it, and the trial Judge, in his discretion, as he did in this instance, may submit the proposition and have same determined by his charge on the issue as to contributory negligence.   The same course was pursued by the trial Judge and approved on appeal in *Pickett's case,* 117 N. C., 616.   The defendant in the present case has been fixed with responsibility because of its negligent failure to avail itself of the last chance to avoid injury, and for that alone, and the Judge below properly told the jury, in effect, that if this were true the act of the plaintiff in going on the track in the first instance, even if negligent, would not bar a recovery, because only the remote cause of the injury, and therefore not contributory.

The Court below also correctly ruled that plaintiff could put in as an admission on the part of the defendant a section of the answer, as follows: "And said machine ran upon plaintiff, injuring his arm so that same had to be amputated." This is an admission of a distinct and separate fact relevant to the inquiry, and, though it was only a part of an entire paragraph, defendant was not required to put in qualifying or explanatory matter inserted by way of defense, and which in no way modified or altered the fact.   *Hendrick v. Railroad,* 136 N. C., 510; *Lewis v. Railroad,* 132 N. C., 382.

There is no error, and the judgment is affirmed.

No Error.