CHARLES E. MERRILL v. SOUTHERN RAILWAY COMPANY.

(Filed 23 December, 1909.)

**Railroads—Negligence—Burden of Proof—Pedestrians, Unexpected Acts of—Evidence—Nonsuit.**

According to plaintiff's evidence, in an action against a railroad company for damages for an injury alleged to have negligently been inflicted on him by defendant, he was a brakeman who had been left by one section of a freight train, and endeavored to catch the second section. He crossed the track upon which he saw this second section was switching, and walked along the track in a path used by employees. When the train was backed down the track going in the same direction, at a speed of four miles an hour, he became dizzy from faintness and, being a distance of eighteen inches from the track, fell on it, and was injured. There was no one on the end of the last car. There was testimony as to the distance of the train from him at the exact moment of his falling, though it appeared that the train must have been less than fifteen feet. There was no evidence that a train of this character could have been stopped in time to avoid the injury, under the circumstances. *Held*, there was no sufficient evidence that the injury would have been averted had there been a brakeman on the last car, and as the burden was on plaintiff to show the proximate cause of the injury, which he failed to do, a motion for a judgment of nonsuit should be sustained.

CLARK, C. J., did not sit on the hearing of this case.

APPEAL from *Joseph S. Adams, J.,* September Term, 1909, of BUNCOMBE.

Civil action, to recover damages for personal injuries sustained

by plaintiff, a brakeman in the employment of the Southern Railway Company, at Statesville, on 13 May, 1905.

The usual issues of negligence, contributory negligence and damage were submitted to the jury and found for plaintiff. Defendant appealed.

*Locke Craig, J. H. Merrimon* and *J. G. Merrimon* for plaintiff. *W. B. Rodman* and *Moore & Rollins* for defendant.

PER CURIAM: The Court is of the opinion that the motion to nonsuit should have been sustained, upon the ground that there is no sufficient evidence that the alleged negligence was the cause of the injury. The plaintiff, according to his own evidence, was a brakeman on the first section of No. 71, a freight bound for Asheville. Having been left at Statesville, he was endeavoring to catch the second section of No. 71. He crossed the track, upon which the Taylorsville train was switching, and then walked alongside the track, in a path used by defendant's employees, between the tracks. This train backed along the track, going in the same direction as plaintiff, at a speed of four miles an hour, with no one on the end of the last car. When plaintiff crossed the track and turned down it, he saw the Taylorsville train coming towards him. Plaintiff continued to walk on, alongside the track, until he became dizzy from faintness, and fell on the track and was injured by the Taylorsville train. He states that, before he fell, he looked back once, and this train, composed of an engine and three freight cars, was approaching him. He was eighteen inches from the side track when he fell; so that, if he had not fallen, the train would have passed him safely. He states that the last time he looked back and saw the train it was a half rail (about fifteen feet) from him. He does not know how much time elapsed between the time when he turned and saw the train, half a rail distant, and the moment he fell. We think there is no sufficient evidence that the injury could have been averted had there been a brakeman on the rear end of the train, and that the injury, however lamentable, was an accident, which, under the circumstances, could not well have been prevented.

There is no evidence that this train was as far off as fifteen feet when plaintiff turned and saw it approaching. When he first saw it, as he crossed and turned down the track, it was three or four rails distant and approaching him at four miles an hour. It had gained on him, so that it was within half a rail when he last turned and saw it. How long after this it was before he fell

MERRILL *v.* RAILROAD.

on the track the plaintiff does not undertake to say. Neither he nor any other witness knows. The train was evidently about up with plaintiff at the time he fell on the track, and there is no sufficient evidence that it could have been stopped in time to save him.

It is true witness Glenn testifies that he has seen an engine with two cars stopped in ten feet when going four miles an hour, but he also states that he will not undertake to say in what distance this Taylorsville train could have been stopped, as he did not know how it was loaded or how many cars it had.

The plaintiff, an experienced brakeman, who saw this particular train, does not say it could have been stopped in time, and does not pretend to know how close it was to him when he fell.

It is rudimentary that negligence, to be actionable, must be the proximate cause of an injury, and that the burden of proof is on the plaintiff to make out such a case. The plaintiff's evidence fails entirely to show that at the time he fell the train was far enough distant to be stopped before reaching him. In this respect his case is not helped by the evidence offered by the defendant, all of which is to the effect that plaintiff stumbled and fell across the track, almost immediately in front of the train, and that it could not possibly have been stopped before reaching him.

In this respect this case differs materially from *Sawyer's case,* 145 N. C., 24. The place where Sawyer fell and remained on the track was seventy-five yards from the log train and skidder, and the evidence was plenary that it was moving at a rate of two miles per hour and could have been stopped in twenty-five or thirty feet.

The motion to nonsuit should have been granted, and it is so ordered.

Reversed.

CLARK, C. J., did not sit on the hearing of this case.