## WILLIAM BISSELL v. GREENLEAF-JOHNSON LUMBER COMPANY.

(Filed 9 March, 1910.)

1. **Master and Servant—Safe Place to Work—Suitable Implements— Duty of Employer.**

    An employer is required to provide for his employee a reasonably safe place to work, and to supply him with appliances and implements safe and suitable for the purpose.

2. **Master and Servant—Safe Place to Work—Implements—Defects—Promise to Repair—Assumption of Risks.**

    It is not the mere working in the presence of an obvious defect in an appliance furnished by the master that will constitute contributory negligence on the part of the servant; and assurances on the part of the former that needed repairs will be made will frequently relieve the latter of this charge, which might otherwise bar his recovery of damages for an injury thereby sustained by him.　(The doctrine of contributory negligence discussed by HOKE, J.)

3. **Same—Fellow-servant Act—Logging Roads.**

    The Fellow-servant Act, Revisal, sec. 2646, applies to logging roads, and when an injury arises to an employee as the proximate result of a defect in the "machinery, ways or appliances of the company," the defense of assumption of risks, as it originally obtained, is not available.

4. **Master and Servant—Safe Place to Work—Suitable Implements— Engine Cab—Illness—Evidence—Damages—Questions for Jury.**

    When there is evidence that the cab of defendant's engine had been destroyed and not replaced in several weeks, and that its engineer, being thus exposed, was thereby caused to be ill and his health impaired, without sufficient explanation of delay, the questions of defendant's negligence and plaintiff's damages is one for the jury.

APPEAL from *Cooke, J.*, September Term, 1909, of MARTIN.

Civil action to recover damages for injury caused by alleged negligence of defendant.

The plaintiff, a witness in his own behalf, testified, in part, as follows: "I was locomotive engineer in the service of the defendant in 1904, and had been so engaged with that company for fourteen years.　During the months of July and August, 1904, I was engaged every day except Sunday as engineer on one of the log trains in hauling logs.　The first part of July the cab of the engine was burned.　Before then there had always been one on all the engines I operated for them; a covered cab on the engine protected me from the sun, heat and rain.　Ambrose was the manager and general superintendent of the work. He hired, paid off and discharged the agents and servants.　I

was working under his direction. The weather during the months of July and August was excessively hot with the excessive rainstorms. I was exposed after the burning of the cab to the rain and heat until I was taken sick. My health was good before that time. After each of the rains I would be drenched, and then the sun would come out and the heat from the boiler. I would go on between 3 and 4 o'clock A. M. and would remain continuously, sometimes until 10 or 11 o'clock P. M. I would be upon the engine hauling logs and sometimes would be standing still to load the car with logs. Ambrose would frequently ride with me on the engine, and I would ask him when he was going to have the cab put back, and he said as soon as possible. I asked him to replace the cab repeatedly, and he said he would do so as soon as possible. I remained there because I expected he would replace the cab and relying upon his promise; I had the position and desired to retain it."

The witness testified further as to promises to repair the engine made by the superintendent and manager; and there was also evidence on part of plaintiff tending to show that owing to the defect in the engine, as described, and the incident and necessary exposure, the plaintiff suffered a severe attack of illness, the injury complained of.

The ordinary issues in actions of this character were submitted. There was verdict for plaintiff; judgment, and defendant excepted and appealed.

*H. W. Stubbs* for plaintiff.
*Martin & Critcher, Winston & Everett* for defendant.

HOKE, J., after stating the facts: Under a charge free from error the jury have accepted the plaintiff's version of the matter, and, this being true, a clear cause of action has been established in plaintiff's favor.

Under repeated adjudications of this Court, we have held that an employer is required to provide for his employees a reasonably safe place to work, and to supply them with appliances and implements safe and suitable for the purpose; and, even in cases where the doctrine of assumption of risk is applicable, it is not merely working in the presence of an obvious defect that will constitute contributory negligence. In Shearman and Redfield on Negligence, sec. 211, the authors state what they consider the correct rule as follows: "The true rule, as nearly as it can be stated, is that a servant can recover for an injury suffered from defects due to the master's fault, of which he had notice, if under all the circumstances a servant of ordinary prudence, acting with such prudence, would, under similar condi-

tions, have continued the same work under the same risk." A statement that has been substantially affirmed by us in *Pressly v. Yarn Mills,* 138 N. C., 410, and other cases of like import.

It is also well recognized that promises and assurances of needed repairs on the part of an employer will frequently relieve an employee of the charge of contributory negligence, which might otherwise be maintained against him. Shearman and Redfield, sec. 215, note 1; *Springs v. R. R.,* 130 N. C., 186.

While the principles just referred to were presented by counsel as arising on the testimony, they can hardly be considered as directly apposite to the case at bar; for we have held in several of the more recent cases that our statute, called the Fellow-servant Act, Revisal 1905, sec. 2646, applies to these logging roads. *Sawyer v. Lumber Co.,* 145 N. C., 24-27, citing *Hemphill v. Lumber Co.,* 141 N. C., 487; *Simpson v. Lumber Co.,* 133 N. C., 96; *Craft v. Lumber Co.,* 132 N. C., 156. And under our decisions construing this statute, when an injury arises to an employee as the proximate result of a defect in the "machinery, ways or appliances of the company," the defense of assumption of risk, as it ordinarily obtains, is not available to defendant. *Coley v. R. R.,* 129 N. C., 409.

There is, in fact, very little conflict in the testimony on the essential features of this demand. The superintendent, testifying for the company, admitted that the engine was without a cab for two or three weeks, and offers no satisfactory or sufficient explanation of the delay. On cross-examination this witness said "that he regarded the building of the cab as a convenience, but not a necessity"; and this is, no doubt, the reason that greater effort was not made to expedite the needed repairs.

In our opinion, the case has been correctly tried, and the judgment must be affirmed.

No error.