GUILFORD *v.* R. R.

W. M. GUILFORD, BY HIS NEXT FRIEND, V. RECEIVERS OF THE
    NORFOLK AND SOUTHERN RAILWAY COMPANY.

(Filed 1 March, 1911.)

Negligence—Evidence—Instructions.

> In this action for damages for personal injuries the usual and
> appropriate issues of negligence, contributory negligence, and the
> last clear chance were submitted under evidence tending to show
> that plaintiff, while walking on defendant's track, became uncon-
> scious, and was injured by defendant's train under circumstances
> in which the engineer could have seen his condition in time to
> have avoided the injury, and it was held that the instructions
> given by the court were not erroneous, under *Sawyer's case*, 145
> N. C., 24, and other like cases.

APPEAL from *J. S. Adams, J.*, at December Term, 1910, of
BEAUFORT.

Civil action to recover damages for injury caused by alleged
negligence on the part of defendant company. The jury ren-
dered the following verdict:

"1. Was the plaintiff injured by the negligence of the de-
fendant? Answer: Yes.

"2. Did the plaintiff contribute to his injury by his own
negligence? Answer: Yes.

"3. Notwithstanding the negligence of the plaintiff, could
defendants, by the exercise of ordinary care, have avoided the
injury? Answer: Yes.

"4. What damages, if any, is plaintiff entitled to recover?
Answer: $500."

Judgment on the verdict, and defendant excepted and ap-
pealed.

*Ward & Grimes for plaintiff.*
*Small, MacLean & McMullan, for defendant.*

PER CURIAM. There was evidence on the part of plaintiff
tending to show that in October, 1908, plaintiff was walking
along the railroad track, where pedestrians were accustomed to
use the same because it shortened the distance for persons
going in that direction, and becoming faint, he started off the

track, sat down on the end of a cross-tie, became unconscious, and when in this condition was struck by a passing train and his arm crushed so that it had to be amputated, "from the shoulder"; that it was a bright, sunshining day, and at the point where the injury occurred the track, in the direction from which the train was approaching, was straight for 495 feet, and the plaintiff, in the position he then was, could have been seen for that distance and the injury prevented by the exercise of proper care on the part of defendant's employees in charge of the train. The evidence of the defendant tended to show that plaintiff was seen and his presence and condition noted just as the engine came around the curve, and that everything possible was then done to stop the train.

Under a charge, which is in substantial accord with our decisions, applicable to the case presented, notably *Arrowood v. R. R.*, 126 N. C., 629; *Pickett v. R. R.*, 117 N. C., 616; *Sawyer v. R. R.*, 145 N. C., 24, the jury have accepted the plaintiff's version of the occurrence, and in that view a good cause of action has been clearly established. On careful consideration we find no reversible error in the record, and the judgment of the court below must be affirmed.

No error.