F. G. HINES v. THE ROWLAND LUMBER COMPANY.

(Filed 17 October, 1917.)

1. **Master and Servant — Safe Appliances — Contributory Negligence—Defenses—Instructions.**

    It is the duty of an employer to furnish his employee a reasonably safe place to work, and implements and appliances reasonably safe with which to do it, which are known, approved and in general use; but ordinarily his failure to have done so will not of itself cut him off from the defense of contributory negligence on the part of his employee being injured in pursuance of the work required of him, a case of this kind not falling within the principle of the *Greenlee* and *Troxler cases,* wherein the injury was caused by the failure of the defendant railroad companies to supply automatic car couplers.

2. **Same — Defects—Push Cars—Instructions—Continuing Negligence—Appeal and Error.**

    Where the evidence is conflicting as to whether the plaintiff, an employee of the defendant, was riding, in the course of his employment, on a push car, or bogie, used chiefly for hauling steel rails for track construction, whether the car should have had a plank bottom or timbers across to lessen the aperture, whether the injury for which the damages are sought was caused by the plaintiff carelessly losing his balance, or by a tree negligently left on the right of way, it is reversible error for the trial judge to charge the jury that if the defendant was negligent in furnishing an antiquated appliance or equipment, hazardous to life and limb, and this was the proximate cause of the injury, the negligence would be continuing and cut off the defense of contributory negligence, unless the plaintiff's negligence amounted to recklessness.

3. **Limitation of Actions—Nonsuit—Statutes.**

    Where a nonsuit is taken in an action brought within the time prescribed by the statute, the statute of limitations will not have run if suit is again brought within a year from the time of nonsuit. Rev., sec. 370.

CIVIL ACTION, tried before *Cox, J.,* and a jury, at May Term, 1917, of WAYNE.

The action was to recover damages for physical injuries caused by the alleged negligence of defendant company in not keeping its roadway in proper condition, and in supplying a defective car for the work plaintiff, an employee, was engaged in at the time, August, 1911.

On denial of liability, plea of contributory negligence and statute of limitations, the following verdict was rendered:

1. Was the plaintiff injured by the negligence of the defendant, the Rowland Lumber Company, as alleged in the complaint? Answer: Yes.

2. Was the plaintiff guilty of contributory negligence, as alleged in the answer? Answer: No.

3. Is the action barred by the statute of limitations, as alleged in the answer? Answer: No.

4. What amount of damages, if any, is the plaintiff entitled to recover? Answer: $3,750.

Judgment on the verdict, and defendant excepted and appealed.

*Langston, Allen & Taylor for plaintiff.*
*Stevens & Beasley, Murray Allen, and H. W. Stubbs for defendants.*

HOKE, J. There was evidence on the part of plaintiff tending to show that defendant was negligent in respect to the condition of its roadway, and on facts not dissimilar to those of *Buchanan v. Lumber Co.,* 168 N. C., 40, plaintiff and others testifying that, in August, 1911, he, an employee of the company, was severely injured as he was going to his work on a push car, or bogie, used chiefly for hauling steel rails for track construction, and the injury was caused by plaintiff's falling through this car in the endeavor to avoid a tree that had been cut away too close to the track, and dragging plaintiff along the track 30 or 40 feet before the car could be stopped.

There was evidence also tending to show negligence in the structure of the car, described by witnesses as a truck car, or bogie, for hauling steel rails, the body consisting of an oblong wooden frame, 9 feet long by 5½ wide, built with four pieces of lumber, 6 x 8, braced by a piece of same dimensions across the middle, and braced further by iron rods and with steel bars across each end to hold the rails in place, plaintiff himself testifying that in several companies where he had worked before this these cars either had floors on them or, in addition to the cross-brace in the middle, they had pieces of lumber of same dimensions running from each corner, crossing at the center, thus reducing the size of the opening and making them some safer for persons riding on them.

There was evidence on the part of the defendant tending to show that there was no tree nor obstruction near the track, but that plaintiff fell because he had carelessly lost his balance, one witness testifying that plaintiff had said to him that he just happened to jump on the car to ride to save walking and he fell over, and that it was as much his fault as anybody's. And, further, that the car was not designed for a passenger car, and that it was fit and proper for the purpose intended.

On this conflicting testimony, the court having instructed the jury, without apparent objection, as to the duty of the company in respect to its roadway, charged the jury further on the issues as follows:

"The defendant is required to furnish to its employees safe, modern, appliances with which to work, and if the jury shall find that the defendant failed to furnish such appliances and equipment, and furnished in their place antiquated and dangerous appliances and equipment, hazardous to life and limb, and the failure to do so was the proximate cause of plaintiff's injury, such failure on the part of the defendant, if the jury shall so find, was continuing negligence, which would cut off the defense of contributory negligence unless the negligent conduct of the injured employee shall amount to recklessness, and it would be the duty of the jury to answer the first issue 'Yes' and the second issue 'No.' "

While the charge, subject to modification in some instances, as to the use of the term "modern," might be upheld as an abstract proposition when applied to the facts of this record, it could only mean, and was no doubt intended by his Honor to mean, that the evidence as to the structure of the car permitted the inference that the defects suggested might constitute continuing negligence within the principle approved and applied in *Greenlee v. R. R.* and *Troxler v. R. R.,* 122 N. C., 977, and 124 N. C., 189, and the jury were allowed and directed to consider the testimony in that aspect, both on the first and second issues. In this we think there was error, to defendant's prejudice, for which a new trial should be allowed. These cases of *Greenlee* and *Troxler,* notable decisions in our jurisdiction, were cases in which the defense of contributory negligence was disallowed where an injury had occurred to employees by reason of a failure to equip railroad cars with automatic couplers.

While the position is approved and fully established with us in this and other like cases, it does not at all extend to any and every failure on the part of employers to provide their employees with proper implements and appliances. Speaking to the question in *Hicks v. Manufacturing Co.,* 138 N. C., 330, the Court, in modifying the decision of *Orr v. Telephone* Co., 132 N. C., 691, said:

"If, however, it was intended by *Orr's case* to decide that in any and every instance where there is a defective appliance negligently furnished by the employer, which becomes the proximate cause of the injury, the defense of contributory negligence is thereby withdrawn, then the Court does not think that the case in this respect was well decided. There is nothing here said which must in any way be construed as indicating a doubt as to the wisdom and correctness of the *Greenlee* and *Troxler cases,* or a desire to modify or question them. They were both cases where there was a failure on the part of the railroad company to

supply automatic couplers for the operation of their trains. The occupation was one of imminent peril, which these automatic couplers wellnigh entirely remove, and at a moderate cost. The failure to supply them was causing extended and ever-increasing disaster. Thousands of men throughout all portions of the country were being killed or maimed for life, and conditions were so alarming as to become a matter of national concern and the subject of national legislation. In the presence of such conditions, the Supreme Court of North Carolina, in advance of the operative effect of the national statute, announced the principle in *Troxler's case* as follows: 'Reason, justice, and humanity, principles of common law, irrespective of congressional enactments and Interstate Commerce Commission regulations, require the employer to furnish the employee safe, modern appliances with which to work, in place of antiquated, dangerous implements, hazardous to life and limb, and the failure to do so, upon injury ensuing to the employee, is culpable continuing negligence on the part of the employer, which cuts off the defense of contributory negligence and negligence of a fellowservant, such failure being the *causa causans*. It is negligence *per se* in any railroad company to cause one of its employees to risk his life and limb in making couplings which can be made automatically without risk.'

These opinions could be well justified and upheld on the ground that a failure to correct an evil of this magnitude, when it could be accomplished so effectually at an insignificant cost, was such a reckless and wanton disregard of the lives and safety of employees as to amount to an intentional wrong, against which contributory negligence is no defense. They have, however, been approved and accepted as decisions eminently just and proper in applying the principles of the law of negligence to new and changing conditions, and can be upheld and supported both by reason and precedent."

In this estimate of the *Greenle* and *Troxler cases* it is clear that this car has no proper place. Here, as in other ordinary cases, the defendant is required to supply for its employees "implements and appliances which are known, approved and in general use," and there is testimony on the part of plaintiff tending to establish negligent default in this respect; but neither the car nor the defects suggested present such exceptional or extraordinary conditions as to withdraw the case from the usual and recognized principles in actions of this character and which make contributory negligence on the part of the employee a valid defense.

On the statute of limitations, while the transaction occurred in 1911 and present summons bears date in February, 1916, it appears that an action for the injury was commenced soon after it occurred, in January,

1912, and prosecuted till January, 1916, when a nonsuit was taken, bringing the case directly within section 370, Revisal, allowing an action begun within the time to be prosecuted within one year after nonsuit.

For the error indicated, there should be a new trial of the cause, and it is so ordered.

New trial.