## HARVEY WILLIAMS v. KINSTON MANUFACTURING COMPANY.

(Filed 20 March, 1918.)

**Railroads—Logging Roads—Comparative Negligence—Statutes—Damages.**

A logging road operated by steam, but for the exclusive purpose of transporting logs, etc., over the company's own tracks on its own cars, for the furtherance of its own business, to an independent common carrier, by rail, which receives the logs and independently transports them, is in no sense a common carrier by railroad within the meaning of the "act relating to the liability of common carriers by railroad to their employees" (ch. 6, Laws 1913), and the doctrine of comparative negligence in awarding damages does not apply. *Hemphill v. Lumber Co.*, 141 N. C., 498, cited and distinguished.

CIVIL ACTION, tried before *Stacy, J.*, at November Term, 1917, of LENOIR, upon these issues:

1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: "Yes."

2. If so, did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: "Yes."

3. What damages, if any, is the plaintiff entitled to recover of defendant? Answer: "$100."

From the judgment rendered defendant appealed.

*G. V. Cowper and J. L. Hamme for defendant.*
*No counsel for plaintiff.*

BROWN, J. The plaintiff was injured while working on a logging railroad of the defendant while the logging train was shifting cars from its own tracks to its own siding, to the end that the Kinston Carolina Railroad and Lumber Company might haul the cars to Kinston. These two companies have no connection with each other. By a special contract, the Kinston Carolina Railroad and Lumber Company hauls the logs of the Kinston Manufacturing Company over its own independent

road and with its own employees from the point where they are left by the defendant's logging train to Kinston.

The only assignment of error relates to a charge of the court and to the refusal of the court to render judgment for the defendant upon the issues as found by the jury. The court charged that regardless of how they answered the second issue, that is, whether "Yes" or "No," they would proceed to consider the third issue, for that the court charged the jury that the provisions of chapter 6, Laws 1913, were applicable to the case, and that while the defendant could set up contributory negligence against the plaintiff, as alleged in its answer, such contributory negligence would not defeat plaintiff's right to recover damages, provided the first issue was answered "Yes," but that such damages would be diminished by the jury in proportion to the amount of negligence attributable to the plaintiff.

The only question presented is as to whether chapter 6, Laws 1913, applies to a purely logging road. This chapter is entitled "An act relating to the liability of common carriers by railroad to their employees in certain cases." Section 2 of the act provides that "in all actions hereafter brought against any such common carrier by railroad to recover damages for personal injury, etc., the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee."

This statute differs very materially from section 2646 of the Revisal. The latter applies "to any servant or employee of any railroad company." In *Hemphill v. Lumber Co.,* 141 N. C., 487, this statute is held to apply to a logging road upon the ground that it is a railroad and that its employees engaged in its operation are exposed to the same dangers and risks as all railroad companies, whether operating as common carriers or in the conduct of a purely private business.

In the opinion the *Chief Justice* says: "Every railroad corporation owning or operating a railroad in this State embraced a logging road, that though it is not a common carrier of freight and passengers, its employees engaged in the operation of its trains are exposed to the same dangers and risks . . . and that the wider signification of the word 'railroad,' meaning any road operated by steam or electricity on rails was intended by the Legislature.

"Both railways and logging roads are railroads, *i. e.,* roads whose operations are conducted by the use of the rails, and come within the general term 'railroads.'"

The difference between that statute and the act of 1913 is very marked. The former applies to all railroads, while the latter applies only to a common carrier by railroad. A common carrier is one who, by virtue

of his calling, undertakes for compensation to transfer personal property from one place to another for all persons as choose to employ him. Second Words and Phrases, p. 1313.

The distinguishing feature of a common carrier is that he holds himself out as ready to engage in the transportation of goods for hire as a business. A common carrier by railroad, operating under charter, is affected with a public use, and is to a certain extent under the control of governmental authorities.

All the evidence shows that the defendant is what is commonly called a logging railroad, which is held to be a private road constructed for the convenience and accommodation of lumbermen. *Tompkins v. Gardner Co.,* 69 Mich., 58.

The defendant does not hold itself out to the public as a carrier of anything, either of freight or passengers, but was constructed and is operated solely as an aid to the manufacturing business of the defendant. We think his Honor erred in his instructions to the jury. Upon the issues as found by the jury the defendant is entitled to judgment.

Error.