### DAVE McKINISH v. NORWOOD LUMBER COMPANY.

(Filed 27 May, 1926.)

**Master and Servant—Employer and Employee—Carriers—Logging Roads —Contributory Negligence—Statutes.**

> A logging road comes within the provision of our statute making contributory negligence of an employee an element of consideration by the jury in assessing the amount of damages recoverable, and is not a complete bar to the employee's recovery in his action for damages.

APPEAL by defendant from Webb, J., at October-November Term, 1925, of SWAIN. No error.

Action to recover damages for personal injury, alleged to have been sustained by plaintiff, an employee of defendant, a corporation, while operating a steam skidder, used in loading logs on defendant's cars, to be transported on defendant's logging road.

While plaintiff was "spooling" a wire cable, which wound around the drum of the skidder, the iron bar, with which he was performing the duty incident to his employment, was struck by a knot in the cable, caused by "splicing" the cable, with such violence, that plaintiff was thrown against the drum and injured. The wire cable was old, worn and defective. Its condition had been called to the attention of defendant's superintendent, who promised to get a new cable, and instructed

plaintiff to splice the cable and to continue to use it. The cable had been broken in several places, and had been "spliced" or tied together, thus making six or seven knots, which projected two or three inches from the cable. One of these knots struck the iron bar, with which plaintiff was "spooling" the cable as it wound around the drum. As the result of his injury, plaintiff developed a rupture or hernia which caused him great suffering, and greatly impaired his ability to work and earn money.

The verdict of the jury was as follows:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his injury? Answer: Yes.

3. What damages, if any, is the plaintiff entitled to recover? Answer: $1,250.00.

From the judgment on this verdict, defendant appealed.

*McKinley Edwards and Moody & Moody for plaintiff.*
*Alley & Leatherwood and S. W. Black for defendant.*

PER CURIAM. Defendant relies, on this appeal, chiefly upon its exception to the refusal of the court to allow its motion for judgment as of nonsuit, at the close of all the evidence. The only other exceptions are to the exclusion of evidence upon objection of plaintiff. There are no exceptions to the instructions of the court in the charge to the jury, which has not been included in the case on appeal.

The fact, as found by the jury, that plaintiff by his own negligence contributed to his injury, does not bar a recovery by him of damages resulting from his injury. The effect of contributory negligence was to diminish the amount assessed by the jury as damages in proportion to the amount of negligence attributable to plaintiff. C. S. (1919), secs. 3466, 3467 and 3468, by the express provisions of C. S., 3470, are applicable in an action against defendant by plaintiff, to recover damages upon the facts of this case. Defendant was engaged in the operation of a logging road, and plaintiff was employed by defendant in the operation of said road. The injury was sustained while plaintiff was at work as such employee. *Craig v. Lumber Co.,* 185 N. C., 560.

There was evidence from which the jury could find, as they did, that plaintiff was injured by reason of a defect, or insufficiency, due to defendant's negligence, in the appliances, furnished by defendant to plaintiff, with which to do his work. The assignments of error cannot be sustained and the judgment must be affirmed. There is

No error.