WASH STEWART v. BLACKWOOD LUMBER COMPANY AND
LEONARD McCOY.

(Filed 26 January, 1927.)

Railroads—Tramroads—Negligence—Contributory Negligence—Damages
—Statutes—Master and Servant—Employer and Employee—Fellow-
Servant Act.

A small narrow-gauge road running through the woods and used for
the purpose only of transporting logs to the defendant's lumber plant or
sawmill, with the cars loaded with logs pulled up a grade by means of a
steam skidder, the wire cables, operating around a drum upon the
skidder, is a tram or logging road within the intent and meaning of
C. S., 3470, amending C. S., 3467, and an employee negligently injured by
such company is not barred of his right to recover damages when caused
by a fellow-servant; and contributory negligence is only considered in de-
termination of the amount of damages the injured employee has sus-
tained.

APPEAL from *Harding, J.,* and a jury, at July-August Term, 1926, of
SWAIN. No error.

This was an action for actionable negligence, brought by plaintiff
against defendants. The defendant lumber company, in its answer,
pleaded contributory negligence, assumption of risk and the negligence
of plaintiff's fellow-servant.

The plaintiff's evidence, in substance: The plaintiff was employed by
defendant lumber company loading logs. The evidence was to the effect
that the main plant of the lumber company is at East LaPorte. The
logs were gotten about fourteen miles back in the woods and transported
to the main plant or sawmill over the main line and spur-track of de-
fendant lumber company. The main line of the lumber company runs
back from the main plant to the woods and in about one-half mile of
where the lumber was taken out of the woods. It had a railway line,
narrow-gauge road, leading up a steep grade back to the woods where
the lumber was being taken out. A small rail track from the main line
goes back up in the woods, up a branch, and it is so steep a train can-
not run on it, and the cars have to be pulled up said incline spur-track
by means of a steam skidder and wire cable, which was spooled or
wound around the drum of said skidder as the cars were pulled up the
track. The main logging road from the mill ran to a point about one-
half mile from where plaintiff was injured. From the end of the rail-
road an incline extended up to the point where the logs were loaded by
the skidder machine. This car, after being loaded with logs by the
loading machine, was let down off the incline to a point at the end of
the standard gauge railroad. The logs were then picked up by another
loading machine and loaded upon the railroad car and were thence

hauled by locomotive to the mill. The plaintiff's duties were to work at the upper end of the incline with the loading crew; that on the day prior to plaintiff's injury, the defendants had pulled certain log cars up said incline by means of said steam skidder and wire cable and had loaded same with logs near the place where plaintiff was injured, the plaintiff hooking tongs for the loaderman and assisting to load said cars; that after said logs were loaded the defendants moved said steam skidder and loader machine a distance of about one hundred (100) feet back up said incline spur-track, and after said steam skidder was moved it was necessary to lengthen the cable extending from the loader to the main line or landing for the reason that all the cable around the drum, which was attached to the loader, had been used, and it was necessary to place more cable on this drum in order to let the aforesaid cars of logs down the main line or landing; that said cars of logs were left standing on said track until the following day, the date of plaintiff's injury. At the time plaintiff was injured, he was a member of a crew of men engaged in transporting and moving said log cars down and over said incline railroad, in that, he was helping to move a log to be placed under a spool so that said spool could be turned thereby taking the wire cable off said spool and placing the same around the drum attached to the loader; that plaintiff was ordered by the foreman of the defendant company to hook tongs into said log, and as soon as plaintiff hooked said tongs the defendant, Leonard McCoy, negligently and carelessly jerked said log with said steam skidder without being signalled so to do, and before giving plaintiff time to get out of the way and to a place of safety, thereby seriously and permanently injuring the plaintiff.

The defendant lumber company tendered issues based on its answer: (1) Contributory negligence; (2) assumption of risk; (3) negligence of a fellow-servant. The court below refused the issues as tendered by the lumber company, but submitted the usual issues of negligence, contributory negligence and damages. The jury answered the issue of negligence "Yes," contributory negligence "No," and damages "$7,500."

There was a judgment on the verdict and appeal taken to the Supreme Court and numerous errors assigned.

*Moody & Moody and McKinley Edwards for plaintiff.*
*Felix E. Alley and S. W. Black for defendant, Blackwood Lumber Company.*

CLARKSON, J. The lumber company contends that the plaintiff was not engaged in railroad service, and the incline at which plaintiff was working was not a railroad in contemplation of the statute.

C. S., 3467 (Public Laws 1913, ch. 6, sec. 2), is as follows: "In all actions hereafter brought against any common carrier by railroad dam-

ages for personal injury to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: *Provided, however,* that no such employee who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the' safety of employees contributed to the injury or death of such employee." ·

C. S., 3470 (Public Laws 1919, ch. 275) is as follows: "The provisions in this article relating to liability for damages shall also apply to logging and tramroads."

The court below charged the jury as follows on this aspect of the case: "The court charges you that if you believe the evidence the incline or railroad on which the incline machine or loader was operated was a railroad or logging road within the meaning of the law governing actions brought by railroad employees against railroads for personal . injuries, or actions of this nature." We think the charge correct.

The spur-track or incline, in discussion, consisted of a narrow-gauge track of steel ·rails laid on cross-ties and extended from the main line of the road about one-half mile up into the woods to get out logs. The cars on this narrow gauge were pulled up said incline or steep grade road by means of steam skidder and wire cable, which was spooled or wound around· the drum of the skidder as the cars were pulled up the track. On the record it is not disputed that this spur-track or narrow gauge road was used exclusively for hauling ·logs out of the woods.

In *Williams v. Mfg. Co.,* 175 N. C., p. 226, decided 20 March, 1918, the plaintiff was injured while working on a logging railroad of the defendant. The Court said: "All the evidence shows that the defendant is what is commonly called a logging railroad, which is held to be a· private road constructed for the convenience and accommodation of lumbermen. *Thompkins v. Gardner Co.,* 69 Mich., 58. The defendant does not hold itself out to the public as a carrier of anything, either of freight or passengers, but was constructed and is operated solely as an aid to the manufacturing business of the defendant." After the Williams decision, the Legislature, Public Laws 1919, ch. 275 (C. S., 3470), enacted, "The provisions in this article relating to liability for damages shall also apply to *logging roads and tramroads.*"

The clear language of the Act of 1919, ch. 275, *supra,* says that the provisions of this article (Fellow-servant rule abrogated, C. S., 3465)— contributory negligence no bar, but mitigates damages. C. S., 3467, applies to *logging roads.*

In *McKinish v. Lumber Co.,* 191 N. C., p. 836, this Court held: A logging road comes within the provision of our statute making contributory negligence of an employee an element of consideration by the jury in assessing the amount of damages recoverable, and is not a complete bar to the employee's recovery in his action for damages.

In *Sigman v. R. R.,* 135 N. C., at p. 184, it is said: "It is settled that the fellow-servant law, chapter 56, Private Laws 1897, applies to railroad employees injured in the course of their service or employment with such corporation, whether they are running trains or rendering any other service. In *Mott v. R. R.,* 131 N. C., at p. 237, it is said: 'The language of the statute is both comprehensive and explicit. It embraces injuries sustained (in the words of the statute) by "any servant or employee of any railroad company. . . . *in the course of his service or employment with said company."* The plaintiff was an employee and was injured in the course of his service or employment,' " citing numerous authorities.

The above decision was written before the provision of the statute was made applicable to logging roads and tramroads, but since the Act of 1919, ch. 275, C. S., 3470, same applies with equal force to logging roads and tramroads.

The entire evidence shows that the plaintiff was injured "in the course of his services or employment with such company," etc. C. S., 3465.

We have gone through the record and read the charge with care, and can find

No error.