JOHN MOORE v. JOHN W. RAWLS ET AL.

(Filed 3 October, 1928.)

1. **Master and Servant—Liability of Master for Injuries to Third Persons —Work of Independent Contractors.**

Where the principal contractor for the loading of logs on cars of a lumber company furnishes a skidder for this use to an independent contractor who has full charge of the employees for the work, and they are solely employed by him under the terms of the independent contractor, and in fact, while the principal contractor may be held liable to one of

these employees for furnishing a defective skidder which causes an injury, it is *not* responsible *for* such injury when the injury is solely caused by the negligence of the independent contractor in operating the skidder, and there is no evidence or claim that the skidder in use was defective.

**2. Master and Servant—Liability of Master for Injuries to Servant— Tools, Machinery, and Appliances—Logging Roads.**

Where the employee of an independent contractor is injured while engaged in loading logs upon the cars of a lumber road, the fact that the cars furnished by the *lumber company* were *not* furnished with automatic couplers is not evidence of any negligence; companies of such character being required to furnish cars with such ordinary couplings as are approved and in general use for the work being done.

CIVIL ACTION, before *Harris, J.,* at February Term, 1928, of CRAVEN.

The plaintiff instituted an action against John W. Rawls and Goldsboro Lumber Company, and Dover & Southbound Railroad Company for personal injury sustained on or about 27 May, 1925.

The evidence tended to show that the defendant Rawls entered into a contract with his codefendant, Goldsboro Lumber Company, according to the terms of which Rawls was to cut and haul the timber out of the woods and load it on cars for so much per thousand feet "for logs loaded on cars." In order to load the timber the Goldsboro Lumber Company furnished to Rawls a skidder or loading machine. Rawls had charge of the skidder and operated it according to his own methods. The Goldsboro Lumber Company had nothing to do with the operation of the skidder or any control thereof after it was furnished to Rawls, but had exclusive control of the cars and appliances for removing the timber after it was loaded. The plaintiff was employed by Rawls as a laborer, and at the time of his injury had been in such employment for about seven months. On the day of his injury the log train of the defendant, Goldsboro Lumber Company, was backing up to the skidder to be loaded. The skidder, according to plaintiff's testimony, was jacked up on one side, but on the other side it had not been jacked up high enough to permit a log car to get under it.

Plaintiff's narrative of his injury is as follows: "Captain Clyde Fornes (foreman of Rawls) was running the skidder machine and he called me to couple the car. . . . I went to couple the cars where the skidder machine sat on and when I missed the coupling the other car got me. I could not couple the cars when getting in between them the way they had them. I had to couple the link so it would go in and then push the pin in. It was a hand coupler with a link and pin. It was not a self-coupler or automatic coupler. At the time I missed the coupling, one of the cars was still and the other one coming down on me. The machine which was jacked up was sitting still, . . . and when I went to put the pin in to catch it the car caught me. . . . The

cars did not move any. When I missed the coupling, the bolster of the car caught me and jammed me under the cars, under the skidder. . . . I was hired to do anything and did anything the boss told me to do. . . . These cars were little small cars such as ordinarily used in the logging woods in this country, and just like all logging companies use. . . . I have seen log cars that had automatic couplers. The Roper Lumber Company has automatic couplers."

At the conclusion of the evidence the trial judge sustained the motion of nonsuit made by Dover & Southbound Railroad Company.

The issues and the answers of the jury thereto were as follows:

1. Was the plaintiff in the employ of the defendant, J. W. Rawls, as alleged in the answer? Answer: Yes.

2. Was the plaintiff in the employ of the defendant, Goldsboro Lumber Company, at the time of his injury? Answer: Yes.

3. Was the defendant, J. W. Rawls, independent contractor as alleged in the complaint? Answer: Yes.

4. Was the plaintiff injured by the negligence of the defendant, J. W. Rawls, as alleged in the complaint? Answer: No.

5. Was the plaintiff injured by the negligence of the defendant, Goldsboro Lumber Company, as alleged in the complaint? Answer: Yes.

6. Did the plaintiff by his own negligence, contribute to his injury? Answer: No.

7. What damage, if any, is plaintiff entitled to recover? Answer: $500.00.

From judgment upon the verdict the defendant, Goldsboro Lumber Company, appealed.

*D. L. Ward and Ward & Ward for plaintiff.*
*T. D. Warren for defendant.*

BROGDEN, J. Is it the duty of logging roads or tramroads to equip log cars and engines with automatic couplers?

The defendant, Rawls, was an independent contractor, and as such employed the plaintiff as a laborer. Under the contract existing between the independent contractor and the defendant, Goldsboro Lumber Company, it was the duty of the contractor to cut and load logs on the cars of his codefendant. There is no evidence tending to show that the defendant, Goldsboro Lumber Company, had charge or supervision of the employees of the contractor or of the method of performing the work. It did, however, furnish the skidding machine. It was therefore the duty of the Lumber Company to furnish to its contractor machinery, implements and appliances safe and suitable for the work to be performed and to keep such appliances in safe condition so far as this could

be done by the exercise of proper care and supervision. The Lumber Company owed this duty to the plaintiff even though he was an employee of the contractor because failure to furnish such appliances as the law contemplates resulted in making the contractor and his employees the employees of the Lumber Company in this particular. *Paderick v. Lumber Co.,* 190 N. C., 308, 130 S. E., 29. The plaintiff relies upon the *Paderick case,* but it must be observed that this case involved a defective loading machine. The case at bar, on the other hand, discloses no defect whatever in the skidder, but at most a negligent method of operating it in that it was not jacked up high enough. This involved the operation of the skidder only, and the Lumber Company had nothing to do with such operation.

The evidence disclosed no defect in the cars or couplings, but the plaintiff takes the position that it was the duty of the Lumber Company to furnish cars with automatic couplers and that a failure to do so was equivalent to furnishing him defective appliances. In this State logging roads have been required: (1) to keep its right of way clear of trash and other inflammable substances, *Craft v. Timber Co.,* 132 N. C., 151, 43 S. E., 597; (2) to equip engines with spark arresters, *Cheek v. Lumber Co.,* 134 N. C., 225, 46 S. E., 488, 47 S. E., 400; (3) to keep a proper lookout, *Sawyer v. R. R.,* 145 N. C., 24, 59 S. E., 116; (4) to keep its right of way and roadbed in proper condition and repair, *Hemphill v. Lumber Co.,* 141 N. C., 487, 54 S. E., 420; *Buchanan v. Lumber Co.,* 168 N. C., 40, 84 S. E., 50; (5) to provide in the exercise of due care reasonably safe couplers. *Liles v. Lumber Co.,* 142 N. C., 39, 54 S. E., 795. But it has never been held in this State that it is the duty of logging roads to equip their engines and cars with automatic couplers. C. S., 3465, has been held to apply to logging roads, and under the construction of this statute assumption of risk is not available. *Williams v. Mfg. Co.,* 175 N. C., 226, 95 S. E., 366; *Bissell v. Lumber Co.,* 152 N. C., 123, 67 S. E., 259. The case of *Williams v. Mfg. Co.,* 175 N. C., 226, 95 S. E., 366, held that it was error for the trial judge to apply the principle of comparative negligence to logging roads. However, since that decision C. S., 3470, has been enacted by the Legislature. In the case of *Hines v. Lumber Co.,* 174 N. C., 294, 93 S. E., 833, the Court, distinguishing the *Greenlee* and *Troxler cases,* 122 N. C., 977, 30 S. E., 115; 124 N. C., 189, 32 S. E., 550, said: "Here, as in other ordinary cases, the defendant is required to supply for its employees "implements and appliances which are known, approved and in general use," and there is testimony on the part of plaintiff tending to establish negligent default in this respect; but neither the car nor the defects suggested present such exceptional or extraordinary conditions as to withdraw the case from the usual and recognized principles in actions of this char-

acter and which make contributory negligence on the part of the employee a valid defense." The decision, however, in the *Hines case* was rendered prior to the adoption of C. S., 3470. The later decisions hold that contributory negligence is no longer a bar to injuries received in the operation of a logging road, but such negligence mitigates damages. In other words, comparative negligence is now, under the law, applicable to logging roads. *McKinish v. Lumber Co.,* 191 N. C., 836, 133 S. E., 163; *Stewart v. Lumber Co.,* 193 N. C., 138, 136 S. E., 385; *Lilley v. Cooperage Co.,* 194 N. C., 250, 139 S. E., 369. It is clear, therefore, that in the development of the law with respect to the liability of logging roads, this Court has not yet taken the position that logging roads should be required to install and maintain automatic couplers.

There is no evidence upon the present record tending to show that the link and the pin coupling used by the defendant was not an approved appliance and in general use. The plaintiff was not an employee of the defendant Lumber Company and was not directed by any of its employees to couple the cars. Neither is there evidence of any defect in the cars or coupling. There was no evidence of any unusual or negligent movement of the train or that the employees of the Lumber Company had notice that the plaintiff was undertaking to couple the cars.

Under these circumstances we are of the opinion that the defendant Lumber Company was not guilty of negligence, and the motion for nonsuit as to it should have been allowed.

