This was an action for actionable negligence instituted by plaintiff against the defendant. The plaintiff's intestate, Virgil C. Carver, was in the employ of the defendant, Suncrest Lumber Company, as conductor and brakeman on one of defendant's log trains. The evidence on the part of plaintiff tended to show that at the time of his death, 26 August, 1927, he was engaged in the performance of his duties and in the course of his employment, assisting his coemployee, a member of the train crew, in rerailing a log car, which had been derailed. The log car in question had been loaded with logs by employees of the defendant company, commonly called the loader crew. There were no standards on this log car to prevent the logs from rolling off, and when the logs were loaded two chains were placed around part of the logs on the car at each end of said log car, and three logs, one of which was very crooked, were placed on top of said chains with nothing to hold or prevent said logs from falling or rolling from said car.
Pass Collins, witness for plaintiff, testified, in part, as follows: "I know the custom adopted by these companies with reference to how logs are chained on the cars. The custom in general, common, and approved use. On these jobs where I have worked they put chains around the logs over the top of all the logs. They loaded their cars up so far where they used the chains and then put the chains over so many of the logs and left a little sag in that, then put some more logs on the chain and tied it down then put another chain over the top of the logs to hold them. The chain over the top logs fastens in the middle of the car, in the middle of the car, in the middle of the bunk you have loaded." *Page 392 
While plaintiff's intestate was engaged in rerailing said log car, the same was jerked by the engineer operating said engine with such force "abrupt and quick" that one of said loose logs fell from the top of said car, striking and instantly killing plaintiff's intestate. The defendant denied any negligence and set up the plea of contributory negligence.
The defendant offered evidence tending to show that the logs were loaded on the car in the usual and customary way. That the intestate was an experienced conductor, and in full charge of the train, and that members of the train crew were required to obey his orders; that he ordered an employee to place one of the rerailers and he placed the other. That the intestate then stood at a position slightly behind the front end of the derailed car and in the way of the logs and gave the signal to the engineer, who testified that it was his duty to obey the signal, and that he did obey the signal and moved the train just as easily ahead as he could move it, and that the brakes having not been released from the derailed car skidded upon the rerailer, kicking the inside one out from under the wheel, dropping the wheel down a distance of seven or eight inches, lurching the car to one side, causing the log to roll off, striking the plaintiff's intestate, who stood right in the immediate path of the log and that he could have stood a few feet farther to the front and beside the box car and been perfectly safe. That the rerailers were put down in the usual way and properly placed and that the method of rerailing the car was the customary method and one in common and general use by all railroads.
The issues submitted to the jury and their answers thereto, were as follows:
"1. Was plaintiff's intestate killed by the negligence of the defendants, as alleged in the complaint? Answer: Yes.
"2. Did plaintiff's intestate, by his own negligence, contribute to his own death, as alleged in the answer? Answer: Yes.
"3. What damages, if any, is the plaintiff entitled to recover? Answer: $6,500."
The defendant, at the close of the plaintiff's evidence and at the close of all of the evidence, moved for judgment as in case of nonsuit. C. S., 567. The court below refused both motions and in this we see no error. We think the evidence sufficient to be submitted to the jury. *Page 393 
In the present action, contributory negligence is no bar to recovery, but mitigates, or diminishes, damages. See C. S., 3465, 3466, 3467, 3468, 3470; Stewart v. Lumber Co., 193 N.C. 138.
The court below gave the contentions fairly to both sides. The law applicable to the facts was carefully and clearly stated. We find
No error.